EL PUEBLO DE PUERTO RICO, peticionario, *v.* ANTONIO RODRÍGUEZ SÁNCHEZ y OTROS, acusados y recurridos.

*Número:* O-79-196      *Resuelto:* 27 de noviembre de 1979

*Héctor A. Colón Cruz, Procurador General,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados del peticionario; *Sonia E. Avilés Lamberty* y *Carmen Ana Rodríguez Maldonado,* de la Sociedad para la Asistencia Legal, y *Federico Torres Jiménez,* abogados de los recurridos.

PER CURIAM: Ante la Sala de Guayama se hallan sometidos a proceso un grupo de acusados, unos por infracción de la Ley de Sustancias Controladas y otros por Ley de Bebidas, Ley de Armas y delitos varios, en algunos de los cuales han intervenido agentes encubiertos, y en los que se solicita por la defensa descubrimiento de prueba bajo la Regla 95 de Procedimiento Criminal que provee:

"Previa moción del acusado sometida en cualquier momento después de haberse presentado la acusación, el tribunal podrá ordenar al fiscal que produzca para ser inspeccionados, copiados o fotografiados por el acusado o su abogado, determinados objetos, libros, documentos y papeles que no fueren declaraciones juradas, con excepción de la declaración del propio acusado, que el Pueblo hubiese obtenido del acusado o de otras personas mediante orden judicial o de otro modo y que pudieren ser necesarios para la preparación de la defensa del acusado, independientemente de que El Pueblo se propusiere ofrecerlos en evidencia o de que los mismos

fueren admisibles en evidencia. La orden especificará el tiempo, lugar y manera de hacer la inspección, de sacar las copias o tomar las fotografías y podrá prescribir los términos y condiciones que el tribunal estimare justos."

La sala de instancia, en resolución de 20 de marzo de 1979, reiteró sus previas órdenes al fiscal para producción y entrega de copias de los informes y documentos solicitados, bajo apercibimiento al Pueblo que de no cumplimentar la orden, procederá a archivar los casos, extendiendo la referida orden a "cualquier otro caso no incluido, pero en el que se haya hecho o pueda hacerse similar solicitud en el futuro."

Ha recurrido en *certiorari* el Procurador General en representación del Estado y señala como errores de la citada resolución de Guayama (1) exigir del Fiscal la producción y entrega a la defensa de informes que no están en su posesión, ni dentro de su control; (2) la prevención y consecuencia de archivo de los casos de no cumplirse la orden por el Fiscal; y (3) prematuridad en la extensión de la orden a casos futuros, hasta ahora no sometidos para decisión.

Notamos con aprensión la parte de la resolución de instancia en que se señala el alto índice en aquella sala de casos promovidos por agentes encubiertos que terminan en archivo o absolución al resultar falso y fabricado el testimonio del agente; y al percibir la seriedad de esta situación en la administración de justicia criminal, decidimos intervenir con orden para mostrar causa.([1]) Tanto el Gobierno como la representación de los acusados han presentado concienzudos escritos abordando el problema jurídico.

---

([1])"Las partes tendrán un término hasta el 25 de mayo de 1979 para mostrar causa por la que no deba anularse o modificarse la resolución y orden recurrida de 20 de marzo de 1979 en armonía con los supuestos siguientes:

"(1) Obligación del fiscal de descubrir toda aquella prueba de tal grado significativa que de suprimirse resultaría en la negación del derecho constitucional del acusado a un juicio imparcial, bajo la norma de *Pueblo* v. *Tribunal Superior*, 102 D.P.R. 470 (1974); *Pueblo* v. *Hernández García*, 102 D.P.R. 506 (1974); y *United States* v. *Agurs*, 427 U.S. 97; 49 L.Ed.2d 342 (1976).

"(2) Limitaciones o insuficiencia de la Regla 95 de Procedimiento Criminal para la necesaria producción de evidencia antes del juicio, comparada con su concordante

■ Ha declarado este Tribunal que "[e]l derecho fundamental de un acusado en proceso criminal a defenderse lleva consigo el derecho a informarse debidamente en la preparación de su defensa". *Hoyos Gómez* v. *Tribunal Superior*, 90 D.P.R. 201, 204 (1964). El descubrimiento de prueba por el acusado tiene una fuente estatutaria en la Regla 95 de Procedimiento Criminal. En *Pueblo* v. *Tribunal Superior*, 102 D.P.R. 470 (1974), bajo normas encaminadas al adecuado balance de derechos de la sociedad y del acusado, autorizamos el descubrimiento por éste de informes, papeles y memoranda preparados por agentes del Gobierno, relacionados con la investigación del caso. Mas el descubrimiento de prueba por el acusado tiene en circunstancias propias, una base más amplia en la Carta de Derechos de nuestra Constitución. *Cf. Pueblo* v. *Hernández García*, 102 D.P.R. 506, 511 (1974); *Brady* v. *Maryland*, 373 U.S. 83; *United States* v. *Agurs*, 427 U.S. 97 (1976).

■ El descubrimiento de prueba que rebasa el texto de la Regla 95 y busca apoyo en el debido proceso de ley no es recurso a invocarse livianamente. Está muy lejos de ser patente de corso que en forma indiscriminada permita la intrusión en los archivos de fiscalía, ni que facilite al acusado

la Regla 16 Federal, y ambas superadas por el derecho a un juicio justo, con el debido proceso de ley.

"(3) Hasta qué punto puede el fiscal oponer una conducta pasiva al descubrimiento de pruebas por el acusado, bajo *Brady* v. *Maryland*, 373 U.S. 83, 87--88, acogiéndose al texto de la Regla 95 como referente a documentos y objetos en poder del fiscal, considerando los criterios *post Brady* de *Hernández García* y *Agurs*, ante.

"(4) Iniciativa del abogado dentro de su responsabilidad de organizar una defensa eficiente y disponibilidad de la orden *subpoena duces tecum* como alternativa para producción de la evidencia requerida directamente por el fiscal.

"(5) Coordinación entre Fiscalía y agencias ejecutivas del método menos gravoso para el Tribunal, el Fiscal, la Policía y los testigos que en los casos denunciados por un agente encubierto viabilice el descubrimiento de prueba esencial a la defensa del acusado.

"(6) Alternativa de exigencia por el Fiscal a la Policía, antes de presentar la acusación, de los informes del agente secreto concernido, sobre delito, arresto, labor diaria, gastos, dietas y millaje, hoja de trabajo y asignaciones, para su propia determinación de la procedencia de la acusación y descubrimiento en su día a la defensa del acusado."

cuanta evidencia pueda relacionarse con el caso criminal. No basta para activar el remedio la probabilidad de que el jurado o el juez de conocer tal prueba hubiesen rendido un fallo distinto. La protección constitucional se da en situación que implica corrupción de la función depuradora de la verdad que es la esencia procesal del juicio. En tal extremo es responsabilidad del Estado en su obligación de proveer un juicio justo bajo la cláusula de debido proceso de ley, y aun sin mediar solicitud de la defensa, revelar evidencia exonerante en su poder o vicios de falsedad en su prueba que de permanecer ocultos e ignorados sofocarían la verdad en la sala de justicia. Baste recordar que el propósito del juicio no es obtener una convicción sino la depuración de hechos en búsqueda de la verdad.

■ Cuando el acusado la solicita, es obligación del fiscal revelar evidencia del Estado sin que medien las circunstancias de exigencias que le compelen a tomar la iniciativa para proteger la legalidad del juicio. A moción de la defensa, "si el objeto de la solicitud es material [relevante por su substancia]; e indudablemente si hay base substancial para invocar que existe materialidad, lo razonable es exigir del fiscal que responda bien suministrando la información o sometiendo el problema al juez". *United States* v. *Agurs*, 427 U.S. 97, 106 (1976). El concepto de materialidad, y la obligación del fiscal de revelar ante la solicitud de la defensa, han de ser consubstanciales con el eminente interés en asegurar que toda evidencia significativa que tienda a establecer inocencia sea presentada al juzgador de los hechos. A esa conclusión llegamos, aunque por fundamentos procesales, en *Pueblo* v. *Tribunal Superior*, supra.

■ El Estado recurrente tiene una objeción periférica al descubrimiento por entender que el fiscal no viene obligado a la producción y entrega a la defensa de informes y documentos que no están en su posesión ni bajo su control. En vista de las proporciones que ha alcanzado la fabricación de pruebas por agentes encubiertos, y la obligación del Estado

de proteger la integridad del juicio, los reparos del fiscal no son atendibles. El fiscal lleva la representación del Gobierno en el juicio y es quien conduce la investigación y el acopio de pruebas por lo que en dicho funcionario se centra y concreta todo el proceso acusatorio capaz de producir la privación de libertad como resultado de convicción. Es su responsabilidad exigir de quien los tenga los informes de los agentes encubiertos en todo caso en que por el acusado se justifique la necesidad de los mismos bajo las normas de *Pueblo* v. *Tribunal Superior*, supra, a las págs. 479 y 480.([2]) El descubrimiento de prueba en el proceso criminal debe enancharse hasta donde permita la competencia entre el interés del acusado en su defensa y la confidencialidad de determinados documentos y expedientes, moderada por una discreción judicial que habrá de decidir si la utilidad que para la defensa representa esa prueba supera los intereses del Estado y de terceras personas a cuya protección va dirigida la norma de secretividad.

La evidencia solicitada por los acusados en este caso que consiste de los informes del agente secreto sobre delito,

---

([2])Expresa este Tribunal a las págs. 479 y 480.

"El procedimiento de la Regla 95 no confiere, sin embargo, un derecho absoluto a descubrir todos los documentos y objetos a que la Regla se refiere. El acusado tiene derecho a solicitar el descubrimiento 'en cualquier momento después de haberse presentado la acusación'. Su concesión es, sin embargo, función que descansa en la facultad discrecional del tribunal que juzga el caso. En el descargo de esa función deberá el tribunal establecer un justo balance entre los derechos del acusado y los intereses del Estado. Para ello deberá tomar en consideración si los objetos, libros, documentos y papeles que el acusado interesa examinar se relacionan o describen con suficiente especificación y son pertinentes para su defensa; su importancia para la seguridad del Estado o la confidencialidad de la labor investigativa; y la razonabilidad de la petición tomando en cuenta sus propósitos, de manera que no haya innecesarias dilaciones en los procedimientos ni hostigación o molestias indebidas a los funcionarios del Estado."

.     .     .     .     .     .     .     .

"... El fiscal ni alegó ni ofreció prueba de que la revelación de los informes solicitados por el acusado afectaría la seguridad del Estado o las labores investigativas de sus agentes policíacos. La moción fue presentada con suficiente antelación a la fecha señalada para la celebración del juicio y nada hay en los autos demostrativo de propósitos dilatorios u opresivos para con la otra parte."

arresto, labor diaria, gastos, dietas y millaje, hoja de trabajo y asignaciones, ha sido considerada por el juez de instancia como propia para ser descubierta, sin que lesione la seguridad del Estado ni en forma alguna perjudique la eficacia de la investigación. El Art. II, Sec. 11, de nuestra Constitución[3] garantiza el derecho del acusado a "carearse con los testigos de cargo". Para que tal confrontación o careo tenga concreción y sentido, el debido proceso exige que se pongan al alcance del acusado los medios de prueba para impugnar los testigos, atacar su credibilidad y todo recurso análogo encaminado a erradicar la falsedad del juicio y evitar el desvío de la justicia. Un careo sin estos instrumentos, cuando sean legítimamente asequibles, frustra el propósito del precepto constitucional. El penoso avance que a lo largo de la historia antecedió a la eclosión de libertad individual que hoy disfrutamos no ha de ser presa de agentes corruptos.

No resta dignidad al fiscal demandar y exigir de los funcionarios correspondientes la evidencia cuyo descubrimiento ha ordenado el tribunal. Aun cuando el abogado del Pueblo de Puerto Rico ha de procesar al acusado con determinación y vigor, "debe una lealtad primaria al interés superante de su cliente en que se haga justicia. El fiscal es el servidor de la ley cuyo objetivo dual es que el culpable no escape ni el inocente sufra".[4]

■ Reiteramos que no estamos dando licencia para que en todo caso y en forma automática se concedan todos los informes y papeles relacionados con la actuación del agente. El acusado que los solicite debe hacer alguna demostración prima facie convincente de la materialidad de esa evidencia y de la legitimidad de su petición que la excluyen de la calificación de alegación simplemente dilatoria, onerosa y hostigante.

---

[3]La concordante Sexta Enmienda de la Constitución federal ordena que en todas las causas criminales, el acusado gozará del derecho a carearse con los testigos en su contra.

[4]*Agurs*, supra, págs. 110—111.

El tribunal deberá implementar el cumplimiento práctico de su orden en la forma más justa dentro de los recursos administrativos disponibles. R.P.Crim. 95. El fiscal podrá considerar la alternativa, en los casos que estime apropiados, de exigir copia para su expediente de estos informes de agente encubierto antes de someter el caso a un magistrado para determinación de causa probable.

No incidió la sala de instancia nada más que en su disposición sobre casos futuros, que es error de prematuridad. *Se expide el auto y se anula exclusivamente dicha parte de la resolución revisada, que en todos sus demás extremos, queda confirmada.*

El Juez Asociado Señor Martín concurre en el resultado. Los Jueces Asociados Señores Díaz Cruz y Negrón García no intervinieron. El Juez Asociado Señor Rigau emitió un voto particular.

—O—

Voto particular del Juez Asociado Señor Rigau.

San Juan, Puerto Rico, a 27 de noviembre de 1979

Voté conforme con la opinión del Tribunal. Deseo hacer constar que estimo que los testimonios y la evidencia presentada por los informantes de ocupación y por los agentes encubiertos debe ser evaluada con sumo cuidado por los jueces y jurados. Creo que esto debe ser especialmente así en los casos de Ley de Sustancias Controladas y Ley de la Bolita. En esto estoy de acuerdo con otros compañeros Jueces de este Tribunal. Véanse las expresiones del Tribunal en la opinión del caso *Pueblo* v. *Almodóvar*, 109 D.P.R. 117 (1979), emitida por voz del Juez Presidente Señor Trías Monge.