# 95 DTA 102

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE PONCE Y AIBONITO
PANEL I**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

RICARDO CAMARENO MARTINEZ
Peticionario

Núm. KLCE-95-00276

San Juan, Puerto Rico, a 8 de mayo de 1995

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Segarra Olivero, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

El recurso de epígrafe se radicó contra una determinación emitida en corte abierta por el Tribunal de Primera Instancia, declarando no ha lugar la solicitud de la defensa de que se le facilitara, al amparo de la Regla 95 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, el historial de suspensiones, procedimientos administrativos y querellas incoadas contra los agentes del orden público anunciados como testigos en el juicio contra el aquí recurrente. Junto con la petición de *certiorari* se presentó una Moción en Auxilio de Jurisdicción solicitando la paralización de los procedimientos en el Tribunal de Primera Instancia, hasta tanto se resolviera el recurso en sus méritos█ El día 4 de mayo emitimos orden declarando

no ha lugar la Moción, y anticipando lo que aquí resolveríamos. Según intimamos en la Orden, resolvemos que no le asiste la razón al recurrente, y que no cometió error el tribunal *a quo* al denegar la solicitud de descubrimiento.

# I

Es necesario señalar, en primer, lugar que el peticionario, en contravención a la Regla 19 del Reglamento del Tribunal de Circuito de Apelaciones, no ha incluido en su recurso copia de la resolución recurrida. Alega el recurrente que ello se debe a que la misma fue emitida en corte abierta el día 24 de abril de 1995, y que a la fecha en que se radica el escrito (1ro de mayo de 1995) no ha recibido copia de la misma. Entendemos que el trámite de notificación en los tribunales no suele ser tan ágil como sería deseable, más no nos parece la práctica más saludable la presentación de escritos ante el tribunal apelativo sin ninguna constancia --fuera de lo aseverado en el recurso-- de lo resuelto por el Tribunal de Primera Instancia. La parte recurrente, ante la imposiblidad de obtener copia de la resolución de la que interesa recurrir, debió haber procurado conseguir, al menos, copia de la minuta o, en su defecto, acordar una estipulación con el Ministerio Público de lo sucedido y ordenado ese día en el Tribunal. A pesar de que transcurrió una semana desde la fecha del dictamen de la Resolución hasta la radicación de la petición de *certiorari*, el recurrente no alega haber siquiera intentado obtener alguno de los documentos desfilados. Sea como fuere, habremos de resolver la cuestión partiendo de la premisa de que lo aseverado en el recurso refleja fielmente lo decidido por el Tribunal de Primera Instancia.

# II

La Regla 95 de Procedimiento Criminal, 34 L. P. R.A. Ap. II, R.95, establece que previa moción del acusado, el tribunal ordenará al Ministerio Fiscal que permita a la defensa inspeccionar, copiar o fotocopiar los materiales allí enumerados. Este mecanismo de descubrimiento de prueba está predicado en la garantía constitucional de un debido proceso de ley, como corolario de la cual todo acusado tiene derecho a preparar adecuadamente su defensa y a obtener evidencia que pueda favorecerle. *Pueblo v. Arocho,* ___ D.P.R. ___ (1994), **94 J.T.S. 159,** a la pág. 554; *Pueblo v. Echevarría,* 128 D.P.R. ___ (1991), **91 J.T.S. 43,** a la pág. 8587; *Pueblo v. Rodríguez Sánchez,* 109 D.P.R. 243, 246 (1979); *Hoyos Gómez v. Tribunal Superior,* 90 D.P.R. 201, 204 (1964). En la misma línea, se ha establecido que el derecho a confrontación con los testigos de cargo carecería de concreción y sentido si no se pusieran al alcance del acusado los medios de prueba para impugnar los testigos y atacar su credibilidad. *Pueblo ex rel. A.L.R.G.,* ___ D.P.R. ___ (1993), **93 J.T.S. 39,** a la pág. 10522; *Pueblo v. Rodríguez Sánchez, supra,* a la pág. 249.

En el recurso ante nuestra consideración el acusado hace acopio de una generosa porción del abundante material jurisprudencial sobre el principio del debido proceso de ley y su aplicación en la esfera penal. Ante tan amplio despliegue doctrinal no podemos, sin embargo, olvidar que, según expresara el Tribunal Supremo, *"el debido proceso no es abstracción apocalíptica que de sólo invocarla infunda temor de Dios a los tribunales y paralice al adversario". Domínguez v. Talavera,* 102 D.P.R. 423, 428 (1974). Los principios constitucionales y los estatutos procesales no pueden estar desvinculados de los postulados básicos del derecho probatorio que exigen como requisito de umbral para la admisión de evidencia una demostración de su pertinencia al asunto en controversia. Ver Reglas 18 y 19 de Evidencia, 32 L.P.R.A. Ap. IV, Rs. 18 y 19.

Vigente la antigua Regla 95 de Procedimiento Criminal, y ante una solicitud de récords de antecedentes penales de los testigos de cargo, el Tribunal Supremo resolvió que el descubrimiento solicitado debe permitirse *"únicamente en aquellas situaciones en que el imputado de delito demuestre fundadamente al tribunal que la información requerida pueda ser material, pertinente y necesaria para su adecuada defensa". Pueblo v. Morales Rivera,* 118 D.P.R. 155, 162 (1986). Aún bajo la interpretación liberal sugerida por la doctrina no

estimamos meritoria la solicitud del recurrente, en ausencia de una demostración confiable sobre la pertinencia de la información requerida.

En su moción al amparo de la Regla 95 el peticionario solicitó, en el inciso 4:

*"a. Indique la escuela superior en que se graduarón [sic] los agentes.*

*b. Indique si alguna vez han sido suspendidos los agentes mencionados de sus labores como Policías o agentes.*

*c. Indique en relación a la pregunta anterior si está pendiente algún procedimiento Administrativo incoado contra los Agentes especifique con números todas aquellas y cada una de las querelladas radicadas contra este así como el estatus o conclusión de las mismas."* [sic] ■

La justificación alegada en el recurso para esa petición es que *"dicha información se hace imperiosa y necesaria por razón de que la teoría y estrategia de la defensa girará en torno a la credibilidad de los agentes del orden público que intervinieron en el mismo...la libertad de un ciudadano dependerá del grado de confiabilidad que en su día le merezca al juzgador de los hechos el testimonio de los agentes con un historial de continuas querellas y suspensiones en el desempeño de sus labores".* Para apoyar su contención, el peticionario invoca la Regla 45 de Evidencia, 34 L.P.R.A. Ap. IV, R. 45. Esta regla permite como medio de impugnación la admisión de evidencia de opinión o reputación sobre el carácter veraz o mendaz del testigo. Evidencia sobre conducta específica será admitida sólo si se refiere directamente al asunto de la veracidad o la mendacidad del testigo cuya credibilidad está bajo consideración.

El planteamiento del recurrente se desvía de lo propuesto por la regla, que se refiere claramente a impugnación de testigos por su carácter mendaz. Lo que propone el recurrente es demostrar que los agentes llamados a testificar tienen una tacha moral que podría inducir al jurado a desconfiar de su testimonio. La regla, sin embargo no provee para impugnar un testigo de manera que se cree ante el juzgador de los hechos una imagen de un individuo inescrupuloso o inmoral. La única cualidad pertinente es la mendacidad o veracidad. En *Pueblo v. Echevarría,* \_\_\_ D.P.R. \_\_\_ (1991), **91 J.T.S. 43,** se sostuvo una resolución del juez de instancia denegando la admisión en evidencia de fotografías de un testigo realizando actos alegadamente obscenos e inmorales. Resolvió el Tribunal Supremo:

*"...resulta claro que en nuestro ordenamiento sólo se permite la impugnación de un testigo mediante evidencia de carácter o conducta específica si la misma se refiere al aspecto de veracidad o mendacidad únicamente. Prueba que no está relacionada con dichos aspectos es inadmisible. En este caso la evidencia excluida nada tenía que ver con el carácter mendaz o veraz del testigo, ni con actos específicos de mendacidad de parte de éste. Dicha evidencia sólo tendría el efecto de probar que el testigo Newmann era "inmoral" en algunos aspectos de su vida, pero ello no implica que no fuera digno de credibilidad, respecto a los hechos específicos sobre los cuales testificó.*

La parte recurrente solicita la obtención de documentos que, según sus propias aseveraciones, serían utilizados con fines no permitidos por las Reglas de Evidencia. Para que este Tribunal pudiera resolver concediendo lo solicitado, el peticionario tendría que haber sugerido claramente de qué manera la información relativa a la educación y el expediente laboral de los testigos se relaciona, no con rasgos morales generales, sino con la probabilidad de que su testimonio en el caso de autos falte a la verdad.

Por los fundamentos expuestos, se deniega la expedición del auto.

Así lo resolvió y manda el Tribunal y lo certifica la Secretaria General.

**ESCOLIOS 95 DTA 102**

**1.** El peticionario señala que el desfile de prueba comenzaría el lunes, 1ro de mayo de 1995 a la 1:30 de la tarde. El recurso, según los sellos de Secretaría, fue recibido en el Tribunal Superior, Sala de Ponce, el 1ro de mayo a las 2:00 P.M. y presentado en la Secretaría del Tribunal de Circuito de Apelaciones al día siguiente, 2 de mayo, a las 3:06 P.M.

**2.** *"Este requisito de que el acusado demuestre que la información sobre antecedentes penales sea material, pertinente y necesaria para su adecuada defensa, debe interpretarse, a mi juicio con liberalidad, a la luz del derecho penal sustantivo y el derecho probatorio. El acusado sólo deberá establecer que, teniendo en consideración las defensas disponibles ante los hechos imputados, y las reglas de derecho probatorio sobre el uso de evidencia de carácter, conducta y convicción por delito de testigos o de la víctima, hay un potencial serio de utilidad de la información solicitada."* Ernesto Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Colombia, Editorial Forum, 1993, Vol. III, págs. 331-332.

**3.** "Un examen más riguroso de lo requerido por el recurrente podría incluso llevar a la conclusión de que la información solicitada no está contemplada en ninguno de los incisos de la Regla 95. Definitivamente, no se trata de declaraciones juradas, resultados o informes de exámenes físicos o mentales, records de convicciones previas ni informes policíacos. A lo sumo podríamos catalogarlo, bajo el inciso 4, como un *"documento... relevante para preparar adecuadamente la defensa del acusado".*

En todo caso, el descubrimiento de prueba, como se declaró en *Pueblo v. Rodríguez Sánchez, supra,* tiene una base constitucional que rebasa el texto de la Regla 95 por lo que el determinar que en una solicitud de descubrimiento se requiere material no comprendido en la Regla no la invalida automáticamente. Aún así, advierte el Tribunal que en esas circunstancias el descubrimiento de prueba *"está muy lejos de ser una patente de corso que en forma indiscriminada permita la intrusión en los archivos de fiscalía, ni que facilite al acusado cuanta evidencia pueda relacionarse con el caso criminal".*