PUEBLO DE PUERTO RICO
Peticionario

v.

CARLOS PILLOT OCASIO
Acusado-Recurrido

Núm. KLCE-95-00769

San Juan, Puerto Rico, a 18 de marzo de 1996

Panel integrado por su presidente, el Juez Ortiz Carrión
y los Jueces Cordero y Rodríguez García

Rodríguez García, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

El Ministerio Público representado por la Oficina del Procurador General de Puerto Rico, acude ante el Tribunal solicitando se deje sin efecto una disposición del Tribunal de Primera Instancia, Sala Superior de Bayamón, en la que se ordena a una niña de 17 años, a someterse a un examen psicológico como parte de la preparación de la defensa del acusado Carlos Pillot Ocasio. Por los fundamentos que en adelante se exponen, se expide el auto de *certiorari* solicitado y se dicta sentencia revocando la orden recurrida, dictada en 20 de julio de 1996.

### I
### TRASFONDO FACTICO

Al acusado Carlos Pillot Ocasio se le imputa que en el período comprendido entre los meses de febrero a mayo de 1994, y en Vega Baja, Puerto Rico, cometió un número de delitos sexuales contra la menor E.P.M., siendo la presunta víctima, su hija, producto de sus relaciones sexuales con la Sra. Carmen Martínez Alicea.

Se le imputa al acusado la comisión contra su hija de los siguientes delitos: violación, Art. 99 del Código Penal, 33 L.P.R.A. sec. 4061; incesto, Art. 122 del Código Penal, 33 L.P.R.A, sec. 4121; actos

lascivos e impúdicos, Art. 105 del Código Penal, 33 L.P.R.A. sec. 4067; inducir a un menor a cometer delito, Art.164-A del Código Penal, 33 L.P.R.A. sec. 4248; perversión de menores, Art. 163 del Código Penal, 33 L.P.R.A. sec. 4246; perpetración de fraude o engaño sobre testigos, Art. 239, sec. 4435; inducir a otro a utilizar una sustancia controlada ilegalmente, específicamente marihuana, Art. 405 Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2405, e igual delito envolviendo cocaína.

La vista preliminar se celebró el día 30 de marzo de 1996 y se determinó causa probable por la Juez Concepción Igartúa, quien presidió la sala 408 del Tribunal de Primera Instancia, Sala de Bayamón, en todos los delitos imputados. Luego del acto de lectura de acusación el Ministerio Público solicitó enmienda a los pliegos acusatorios para alegar en los mismos una reincidencia habitual en lugar de la reincidencia simple alegada originalmente.

En 26 de junio de 1996, la defensa presentó una Moción en Solicitud de Examen Psicológico de la menor E.P.M. presunta perjudicada en el caso. Luego, en 29 de junio de 1996, la Sala Superior del Tribunal de Primera Instancia de Bayamón, por voz del Honorable Kalil Bacó Nieves, dictó una resolución concediendo veinte (20) días a la Fiscal Carmen I. Ortiz Rodríguez contados a partir de la notificación, para exponer su posición.

La referida resolución se notificó el día 5 de julio de 1996. Inexplicablemente, el día 20 de julio de 1996, cinco (5) días antes del término concedido al Ministerio Público para oponerse y obviamente sin el beneficio de la exposición de la Fiscal el tribunal dictó la orden cuya modificación se solicita en el recurso ante nuestra consideración.

En la orden de 20 de julio, la Sala Superior dispuso que *"[l]a perjudicada, (E.P.M.), deberá someterse a un examen psicológico. Este deberá ser administrado por un psicólogo o médico psiquiatra [sic] debidamente licenciado, conforme a las leyes de Puerto Rico."*

La orden contiene luego una serie de condiciones para la evaluación de la menor. El Ministerio Público presentó una Moción Solicitando Reconsideración de Orden, exponiendo las razones para que el tribunal dejara sin efecto la orden de evaluación psicológica y con fecha de 20 de septiembre de 1996 el Tribunal de Primera Instancia, Sala Superior de Bayamón dictó Resolución declarando sin lugar la solicitud de reconsideración.

Es entonces que la oficina del Procurador General acude en *certiorari* ante este Tribunal.

## II

De entrada cabe aclarar lo relativo al término concedido al Ministerio Público para oponerse a la orden y a la acción del tribunal disponiendo del asunto antes de transcurrir el mismo.

La Regla 249 de las de Procedimiento Criminal ▆ remite para la computación de cualquier término prescrito o concedido por dichas reglas, a la Regla 68.1 de las de Procedimiento Civil.

La Regla 68.3 de las de Procedimiento Civil, 32 Ap III, R 68.3 dispone:

*"Siempre que una parte tenga derecho a realizar, o se le requiera para que realice algún acto dentro de determinado plazo después de habérsele notificado un aviso u otro escrito, y el aviso o escrito le sea notificado por correo, se añadirán tres (3) días al período prescrito, salvo que no será aplicable a los términos que sean contados a partir del archivo en autos de copia de la notificación de la sentencia".*

Si la notificación de la orden se depositó en el correo el día 3 de julio de 1996, el término para presentar oposición el Ministerio Público vencería el día 26 de julio de 1996.

El tribunal utilizó como punto de partida el día 26 de junio en que firmó la orden e hizo caso omiso de la fecha de notificación y del término adicional de la Regla 68.3, *supra*, y en 20 de julio dispuso del requerimiento de la defensa.

Luego en su Resolución de 20 de septiembre de 1996, disponiendo de la Solicitud de

Reconsideración del Ministerio Público, el tribunal de instancia indica en el segundo párrafo que *"[e]l Tribunal le concedió término al Ministerio Público y éste no contestó"*, lo que no es correcto.

No obstante este hecho no es determinante ni dispositivo del asunto ante nuestra consideración.

## III

Al Tribunal de Primera Instancia, Sala Superior de Bayamón, la defensa le expuso una serie de argumentos sobre la conducta de la menor en tres (3) circunstancias:

**Primero** que en la vista preliminar ante la Juez Concepción Igartúa, la presunta perjudicada narró con *"pasmosa tabla y lujo de detalles hechos que, de ordinario, resultarían en extremo traumáticos para cualquiera que los hubiese vivido en realidad...."*■

**Segundo**, que resulta indispensable y procedente para la adecuada defensa del acusado *"conocer a fondo la realidad mental y perfil psicológico de su joven hija..."*

**Tercero**, que al sopesar los intereses en conflicto, *"la necesidad del examen es, por mucho, mayor al perjuicio, si alguno que se le puede causar a la intimidad e integridad de la joven..."*

## IV

En este caso salta a la vista la presencia de un precepto constitucional, inherente a la condición humana y base fundamental de nuestro ordenamiento jurídico, el derecho a la intimidad nuestro Tribunal Supremo se ha expresado repetida y consecuentemente en favor de proteger el mismo. En *ELA v. Hermandad de Empleados* 104 D.P.R. 442, 436,439 (1975) se dice que este derecho *"... tiene un historial distinto en Puerto Rico a su evolución en Estados Unidos. Dicho derecho adquiere rango constitucional en Puerto Rico mucho más temprano que en la Unión Americana. La Constitución del Estado Libre Asociado de Puerto Rico dispone desde 1952 que " Toda persona tiene derecho a protección de ley contra ataques abusivos a su honra, a su reputación y a su vida privada o familiar."* (Art. II, Sec. 8). Además, en *Figueroa Ferrer v. ELA*, 107 D.P.R. 250, 260 ( 1978 ) se expresa que " [e]l derecho a la intimidad y la protección extendida a la dignidad del ser humano no son en nuestro ordenamiento entidades errantes en busca de autor o encasillado jurídico. La Constitución las consagra en textos claros". Más adelante, se reitera lo mismo en *Colón v. Romero Barceló,* 112 D.P.R. 573 (1982) y en *Arroyo v. Rattan Specialties, Inc.,* 117 D.P.R. 35 ( 1986 ).

Por otro lado, veamos ciertos aspectos procesales del ámbito criminal. La Regla de las de Procedimiento Criminal, 24 L.P.R.A. Ap.II, dispone cuándo puede tomarse deposición a un testigo. La misma establece que contrario al ámbito civil en lo criminal, es potestativo y discrecional del Tribunal permitir que se tomen deposiciones a testigos. Tiene que demostrarse la existencia de **circunstancias excepcionales** y que sea en **interés de la justicia** para que el Tribunal ordene la toma de deposición. La regla anterior tenemos que integrarla con la Regla 95 de las de Procedimiento Criminal, 34 L.P.R.A. Ap.II, sobre el Descubrimiento de Prueba del Ministerio Fiscal en Favor del Acusado. Esta regla permite al acusado, previa moción al Tribunal, tener acceso a *"cualquier resultado o informe de exámenes físicos o mentales y de experimentos o pruebas científicas que sea relevante para preparar adecuadamente la defensa del acusado o que vaya a ser utilizado en el juicio por el Ministerio Fiscal".* (Enfasis Nuestro)

Sobre este **derecho del acusado a preparar su defensa** hay vasta jurisprudencia donde se abunda sobre el tema. *Pueblo v. Arocho,* **94 JTS 159**, Vol. XVIII; *Pueblo v. Echevarría,* **91 JTS 43**, Vol. XIV; *Pueblo v. Rodríguez,* 109 D.P.R. 243 (1979); *Pueblo v. Tribunal,* 102 D.P.R. 470 (1970); *Hoyos v. Tribunal,* 90 D.P.R. 201 (1964).

Resulta imperativo ante estos hechos resaltar el caso *Pueblo v. Arocho, supra.* En dicho caso se dilucidaba si actuó correctamente el Tribunal de Instancia al ordenar que la perjudicada, una niña de 5 años, fuese evaluada de forma involuntaria por un perito psicólogo contratado por el acusado. El Tribunal Supremo revoca la orden de Instancia autorizando el examen y resuelve que este tipo de orden sólo procede tras la defensa demostrar la necesidad de tal examen y el tribunal sopesarla frente al derecho a la intimidad de la víctima. El acusado no estableció la justificación necesaria para que la víctima fuese evaluada psicológicamente.

El descubrimiento de prueba está íntimamente ligado al derecho del acusado a defenderse en un proceso criminal en su contra. *Pueblo v. Echevarría, supra.* Sin embargo, ese derecho del acusado **no es absoluto.** *Pueblo v. Dones* 106 D.P.R. 303 (1977). En *Pueblo v. Arocho, supra,* en la página 554, se establece que *"[e]l aludido derecho del acusado al descubrimiento de prueba está particularmente limitado cuando incide sobre el derecho a la intimidad de la víctima u otro testigo. **El derecho a la intimidad y a la integridad personal precluyen el uso de exámenes o pruebas científicas, como los que aquí interesa el acusado, excepto cuando éste demuestre una clara necesidad para ello.** Poniendo en la balanza los intereses en conflicto, la necesidad de dicho examen tiene que ser mayor que el perjuicio que se cause a la intimidad e integridad de la persona a ser evaluada en contra de su voluntad".* (Enfasis nuestro).

En *Pueblo v. Arocho, supra,* página 554, el Tribunal Supremo hace un recorrido por los Estados Unidos para terminar concluyendo que *"[s]e ha reconocido en estas jurisdicciones estatales que la naturaleza intimidante y embarazosa de un examen psicológico puede aumentar el trauma emocional que sufre la víctima; que puede tener el efecto, además, de llevar a la víctima a inhibirse de informar la comisión de delitos de abuso sexual en su contra; y que puede atemorizar de tal manera a la víctima que ésta llegue al punto de negarse a declarar en el juicio".*

## V

Este caso presenta hechos muy similares a los de *Pueblo v. Arocho, supra,* caso normativo en la controversia ante nuestra consideración. Aquí al igual que en *Pueblo v. Arocho,* no se justifica el invadir el derecho a la intimidad de la perjudicada, bajo el pretexto de que está envuelto el derecho del acusado a presentar su defensa. El acusado Carlos Pillot fundamenta su petición en que la joven ha narrado los hechos *"con pasmosa tabla y lujo de detalles";* como si ésta no pudiera recordar los hechos y narrar la verdad con certeza y tranquilidad.

Se está subestimando el carácter y la inteligencia de una joven de 17 años y peor aún se están especulando posibles traumas mentales que puedan inducir a esta joven a mentir. Todo lo cual, como dijimos antes, atenta contra el derecho a la intimidad de esta joven y peor aún la convierte en víctima de un proceso justificado por fundamentos especulativos.

Finalmente, el no permitir el examen psicológico a la joven no dejará desprotegido al acusado, ya que el día del juicio el Sr. Carlos Pillot tendrá la oportunidad de que su representante legal contrainterrogue a la joven perjudicada en sala. A la vez, en dicho interrogatorio podrá estar presente una psicóloga(o) quien de conformidad con la Regla 53 de las de Evidencia, 32 L P.R.A Ap IV, se cualificará como perito. Esta persona, según lo permite la Regla 52 de las de Evidencia, *supra,* podrá analizar el comportamiento de la joven y declarar sobre su salud mental.

Todo esto sin perjuicio a lo establecido en la Regla 54 de las de Evidencia, *supra,* sobre contrainterrogatorio de peritos. Pero, aún más, a manera de excepción al perito se le permite emitir opinión o hacer inferencias *"que se refiera a la cuestión que finalmente ha de ser decidida por el juzgador de los hechos".* Regla 57 de las de Evidencia, *supra.* Además, la representación legal del Sr. Carlos Pillot, durante su turno de contrainterrogatorio a la joven, podrá tratar de minar la credibilidad de la testigo y hasta tratar de impugnarla. Regla 44 de las de Evidencia, *supra.*

Por los fundamentos antes expuestos, revocamos la orden dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón con fecha del día 20 de julio de 1996.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

## ESCOLIOS 96 DTA 44

**1.** Regla 249 de Procedimiento Criminal, 32 L.P.R.A. Ap.

La computación de cualquier término prescrito o concedido por estas reglas, o por orden del Tribunal o por

cualquier estatuto aplicable, se verificará conforme a la Regla 68.1 de Procedimiento Civil, Ap III del Título 32.

**2.** Párrafo 8vo. de su moción.