Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO  Recurrido  v.  JENNIFER CAROL LEEKA  Peticionaria | KLCE202301254 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez  Sala:  205  Civil Núm. I1VP202300878 I1VP202300879  Sobre:  Art. 239 Ley 146; Art. 245 del C.P. |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de noviembre de 2023.

Comparece ante nos la peticionaria, Jennifer Carol Leeka, para solicitarnos que se revise la *Resolución* emitida el 2 de noviembre de 2023, notificada el 6 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante este dictamen, el foro *a quo* declaró No Ha Lugar a la *Solicitud de Prueba de Impugnación*.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se confirma la *Resolución* recurrida, por lo que se declara No ha Lugar a la *Moción de Auxilio de Jurisdicción*.

I

El presente caso es secuela del recurso KLCE202301138, atendido recientemente por este Tribunal de Apelaciones. En el referido caso, declaramos No Ha Lugar a la *Moción en Auxilio de Jurisdicción* y denegamos la expedición del auto de *certiorari*. Los hechos pertinentes del caso de epígrafe son los siguientes.

Número Identificador

SEN2023 _____

Por hechos ocurridos el día anterior, el 27 de julio de 2023 se presentaron dos (2) denuncias contra la Sra. Carol Leeka por una infracción al Artículo 239 y otra al Artículo 245 de la Ley Núm. 146-2012, según enmendada, conocida como el Código Penal de Puerto Rico. De las denuncias surge que a la peticionaria se le imputa, como primera infracción, el haber efectuado una llamada telefónica al Sistema de Emergencias 9-1-1 para dar aviso falso de que en su residencia había una persona agresiva y, como segunda infracción, por emplear violencia e intimidación contra un agente del orden público, mientras éste intentaba diligenciar una Orden de Protección. El mismo día, se celebró una vista para la determinación de causa probable para arresto al amparo de la Regla 6 de Procedimiento Criminal[1] y se determinó causa probable para arresto por cada uno de los cargos imputados.

Asimismo, el 17 de agosto de 2023, la peticionaria presentó una *Moción Solicitando Producción de Prueba Favorable a la Imputada*. En el referido y escueto escrito, la peticionaria solicitó que se le ordenara al Ministerio Público a proveer toda prueba favorable, "ya sea exculpatoria o de impugnación sin entenderse como una lista cerrada".[2] No obstante, el 24 de agosto de 2023, el Ministerio Público negó la existencia de prueba relevante a la inocencia o favorable para la peticionaria mediante *Réplica a Solicitud de Prueba Favorable a la Imputada* presentada. En desacuerdo, la peticionaria presentó una *Oposición a Réplica a Solicitud de Prueba Favorable a la Imputada*, donde reafirmó su postura en cuanto a que el Ministerio Público estaba obligado a proveer evidencia de impugnación en esta etapa y solicitó lo siguiente:

---

[1] Regla 6 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 6.
[2] Véase apéndice del recurso KLCE202301254, pág. 26.

*a. Testigo Nancy Cruz*

*i. Toda evidencia documental sobre la herencia de la residencia de Sabana Grande donde se efectuaron los arrestos el 26 de julio de 2023.*

*ii. Toda evidencia de prejuicios del testigo, pruebas de uso de sustancias controladas, tratamiento psiquiátrico, promesa de incentivos monetarios y/o de trato favorable y/o inmunidad.*

*iii. Toda evidencia de convicciones en el estado de la Florida.*

*b. Toda llamada realizada desde horas de la mañana y por la tarde del 26 de julio de 2023 al sistema de emergencia 911.*

*c. Toda otra llamada relacionada al caso hecha al sistema de emergencia 911.*

*d. Todos los informes policiacos requeridos por el Articulo 12 de la Ley Contra el Acecho en Puerto Rico, 33 L.P.R.A. § 4022, de tanto la intervención hecha por la mañana como la segunda por la tarde el 26 de julio de 2023.*

*i. Toda evidencia de quien ordeno las intervenciones de la mañana y la de la tarde el 26 de julio de 2023.*

*ii. Que policías estuvieron presentes y participaron en la intervención de la mañana del 26 de julio de 2023.*

*iii. Que policías estuvieron presentes y participaron en la intervención de la tarde del 26 de julio de 2023.*

*iv. Toda evidencia de acciones o querellas administrativas contra todos los policías que participaron en la intervención de la mañana y en la de la tarde del 26 de julio de 2023.*

*e. Todo entrenamiento de la academia o de cualquier otra naturaleza recibido por todos los policías que participaron en la intervención de la mañana y en la de la tarde del 26 de julio de 2023 sobre la cuarta enmienda federal y los allanamientos.*

*f. Todo informe, libro, documento, papel y notas de los policías realizadas como parte de la investigación y toda evidencia objetiva que tenga en su poder la Policía de Puerto Rico entre sus diferentes cuerpos o divisiones, el fiscal, o cualquier otra entidad, como consecuencia de análisis, pruebas o investigaciones realizadas en relación con los casos de epígrafe particularmente de todos los policías que participaron en la intervención de la mañana y en la de la tarde del 26 de julio de 2023.*

Así las cosas, el 22 de septiembre de 2023, el Ministerio Público presentó *Moción en Cumplimiento de Orden* y reiteró que la inexistencia de prueba favorable a la peticionaria, tanto del expediente como de la investigación realizada. Además, añadió que la moción en oposición presentada por la peticionaria constituía una moción de descubrimiento de prueba, la cual no se permite en la etapa de vista preliminar y que la peticionaria tampoco probó que la prueba solicitada fuera exculpatoria o la eximiera de conducta delictiva.

En atención a las mociones de ambas partes, el 2 de octubre de 2023, notificada el 5 de octubre de 2023, el Tribunal de Primera Instancia emitió una *Resolución* y determinó, entre otras cosas, que "[e]n etapa previa (Vista Preliminar) a la presentación del pliego acusatorio no se ha activado aún el derecho al descubrimiento de prueba".

Posteriormente, la peticionaria presentó una *Moción en Auxilio de Jurisdicción* y recurso de *certiorari* ante este Tribunal de Apelaciones, bajo el caso KLCE202301138. Según indicamos anteriormente, este foro revisor declaró No Ha Lugar a la *Moción en Auxilio de Jurisdicción* y denegó la expedición del auto de *certiorari* mediante *Resolución* emitida y notificada el 16 de octubre de 2023. Como razonamiento para denegar la expedición del auto, este foro intermedio expresó que la peticionaria se limitó a alegar que el Ministerio Público poseía prueba exculpatoria y que la misma le beneficiaba para fines impugnatorios, sin haber presentado evidencia alguna que sostuviera su pedido. En adición, se concluyó que, particularmente al hacer un listado de evidencia a solicitar, la moción constituyó un pedido de descubrimiento de prueba que propiciaba que la defensa efectuara una expedición de pesca en el expediente de la Fiscalía, todo previo a la vista preliminar.

El 18 de octubre de 2023, a solo dos (2) días luego del dictamen de este Tribunal, la peticionaria presentó una *Solicitud de Prueba de Impugnación*. Mediante esta, la peticionaria citó a este Tribunal de Apelaciones e hizo referencia al caso KLCE202301138, descansando en el derecho expuesto y no en el razonamiento, para nuevamente solicitar un listado de evidencia, "sin entenderse como una lista cerrada para la defensa poder estar adecuadamente para la vista preliminar". La peticionaria solicitó lo siguiente:

> *a. Testigo Nancy Cruz*
>
> > *i. Toda evidencia documental sobre la herencia de la residencia de Sabana Grande donde se efectuaron los arrestos el 26 de julio de 2023. Esta tiene que ver con los motivos para radicar la petición de acecho.*
> >
> > *ii. Toda evidencia de prejuicios del testigo, pruebas de uso de sustancias controladas, tratamiento psiquiátrico, promesa de incentivos monetarios y/o de trato favorable y/o inmunidad. Esta tiene que ver con su estado mental al solicitar la petición de acecho.*
> >
> > *iii. Toda evidencia de convicciones en el estado de la Florida. Esta tiene que ver con su estado mental al solicitar la petición de acecho.*
> >
> > *iv. Todos los informes policiacos requeridos por el Articulo 12 de la Ley Contra el Acecho en Puerto Rico, 33 L.P.R.A. § 4022, de tanto la intervención hecha por la mañana como la segunda por la tarde el 26 de julio de 2023. Esta tiene que ser usada para comparar con el testimonio de los policías testigos y sus declaraciones juradas.*
> >
> > *v. Toda evidencia de quien ordeno las intervenciones de la mañana y la de la tarde el 26 de julio de 2023.*
> >
> > *vi. Que policías estuvieron presentes y participaron en la intervención de la mañana del 26 de julio de 2023.*
> >
> > *vii. Que policías estuvieron presentes y participaron en la intervención de la tarde del 26 de julio de 2023.*

En respuesta, el Ministerio Público presentó una *Contestación a Solicitud de Prueba de Impugnación*. Esgrimió que la prueba solicitada por la peticionaria era irrelevante, inmaterial e

impertinente y que no estaba relacionada con los delitos imputados en las denuncias contra la peticionaria. Además, arguyó que no existe derecho a descubrimiento de prueba por el imputado en la etapa de vista preliminar, con excepción a las declaraciones juradas de los testigos que declararon y sobre circunstancias especiales. Por último, indicó que la peticionaria no había demostrado que la prueba solicitada era exculpatoria de conducta delictiva.

El 2 de noviembre de 2023, notificada el 6 de noviembre de 2023, el Tribunal de Primera Instancia emitió una *Resolución* declarando No Ha Lugar a la *Solicitud de Prueba de Impugnación*. Inconforme aún, el 13 de noviembre de 2023, la peticionaria presentó ante este Tribunal de Apelaciones una segunda y casi idéntica *Moción en Auxilio de Jurisdicción* donde solicitó la suspensión de la vista preliminar pautada para el 16 de noviembre de 2023 y anejó un auto de *certiorari*. La peticionaria señaló como error lo siguiente:

> Erró el Honorable Tribunal de Primera Instancia, Sala de Mayagüez, como cuestión de hecho y de derecho al dictar Resolución declarando No Ha Lugar la Solicitud de Prueba de Impugnación que seguía las guías del TA.

Expuesto los hechos del caso y evaluado el expediente en su totalidad, prescindimos de la comparecencia de la parte recurrida y procedemos a exponer el derecho aplicable en aras de resolver mediante justo y eficiente despacho.[3]

## II

### A. *Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido.[4] Sin embargo, la

---

[3] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5).

[4] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 212 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).

discreción del tribunal revisor no debe abstraerse del resto del Derecho. Según definido por nuestra jurisprudencia, la discreción es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. [5] Así pues, la discreción judicial para expedir o no el auto de *certiorari* no ocurre en un vacío ni en ausencia de parámetros.[6] Cónsono con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones[7] orienta la función del tribunal intermedio para ejercer sabiamente su facultad discrecional y establece los criterios que debe considerar al determinar si procede o no expedir un auto de *certiorari*.[8] La referida regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[5] *Torres González v. Zaragosa Meléndez*, 211 DPR ___ (2023); *Mun. Caguas v. JRO Construction, supra*, 712; *IG Builders et al. v. BBVAPR, supra*, 338.
[6] *Id.*
[7] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.
[8] *Torres González v. Zaragosa Meléndez, supra*; *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., supra*; *Mun. Caguas v. JRO Construction, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, págs. 404-405; *IG Builders et al. v. BBVAPR, supra*, págs. 338-339.

Cabe precisar que el recurso de *certiorari* es un recurso extraordinario discrecional que debe ser utilizado con cautela y solamente por razones de peso.[9] Es por ello que los tribunales revisores deben limitarse a aquellos casos en que la ley no provee un remedio adecuado para corregir el error señalado.[10] Nuestro ordenamiento jurídico ha establecido que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[11]

**B. *Descubrimiento de prueba en etapa de vista preliminar***

Nuestro ordenamiento jurídico reconoce un derecho constitucional del acusado a preparar una defensa adecuada.[12] El derecho que tiene un imputado a defenderse en un proceso criminal conlleva el derecho a informarse debidamente en la preparación de su defensa y a obtener, mediante el descubrimiento de prueba, evidencia que pueda demostrar su inocencia o favorecerle.[13]

Ahora bien, aunque el derecho al descubrimiento de prueba es consustancial al derecho que tiene el imputado a defenderse, **este derecho no es absoluto**.[14] El descubrimiento de prueba a favor del acusado se limita por la Regla 95 de Procedimiento Criminal[15] con el fin de desalentar las expediciones de pesca en el sumario y los archivos de fiscalía, las cuales están prohibidas.[16] En cuanto a esto, el Tribunal Supremo ha establecido que "[e]l descubrimiento de

---

[9] *Pueblo v. Díaz De León*, 176 DPR 913, 918 (2009).
[10] *Id.*
[11] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., supra; Cruz Flores et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000).
[12] Art. II Sec. 11 Const. ELA [Const. PR], LPRA, Tomo 1; *Pueblo v. Custodio Colón*, 192 DPR 567, 584 (2015).
[13] *Pueblo v. Custodio Colón, supra; Pueblo v. Irizarry*, 160 DPR 544, 566 (2003); *Pueblo v. Arocho Soto*, 137 DPR 762, 766 (1994).
[14] *Pueblo v. Irizarry, supra; Pueblo v. Arocho Soto, supra.*
[15] Regla 95 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 95.
[16] *Pueblo v. Irizarry, supra; Pueblo v. Echevarría Rodríguez I,* 128 DPR 299, 324 (1991).

prueba que rebasa el texto de la citada Regla 95 y busca apoyo en el debido proceso de ley no es recurso a invocarse livianamente".[17] En adición, la referida regla no permite, de forma indiscriminada, la intrusión en los archivos de fiscalía ni que se facilite al acusado cuanta evidencia pueda relacionarse con el caso criminal.[18] Dicha regla también establece que **la obligación del fiscal de descubrir información o evidencia a la defensa se activa con la presentación del pliego acusatorio**; es decir, con la denuncia en caso de delito menos grave o con la acusación en casos de delito grave.[19] Lo anterior es evidente cuando el texto de la Regla 95[20] en su inciso (a) dispone que:

> (a) El acusado presentará moción al amparo de esta Regla dentro en un término de cumplimiento estricto de veinte (20) días contados **a partir de: i) la celebración del acto de lectura de acusación** en los casos que se impute la comisión de un delito grave; o ii) la primera comparecencia del acusado al proceso asistido por el abogado que habrá de representarlo en el juicio, en los casos en que se impute la comisión de un delito menos grave. [...]
>
> (Énfasis Nuestro).

Por tanto, a partir del acto de lectura del pliego acusatorio, el acusado podrá ejercer su derecho al descubrimiento de prueba, según delimitado en la Regla 95 de Procedimiento Criminal, y no antes.[21] El Tribunal Supremo ha establecido que el imputado no tiene derecho a descubrir prueba en una etapa tan temprana como lo es la Regla 6[22] de Procedimiento Criminal.[23] Así pues, no se trata de un derecho absoluto del acusado sino que descansa en la sana discreción del tribunal que debe considerar ciertos elementos al

---

[17] *Pueblo v. Irizarry, supra*; *Pueblo v. Rodríguez Sánchez*, 109 DPR 243, 246-247 (1979).
[18] *Id.*
[19] *Pueblo v. Irizarry, supra*, pág. 567 citando a Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1993, Vol. III, pág. 320.
[20] Regla 95 de las Reglas de Procedimiento Criminal, *supra.*
[21] *Id.*
[22] Regla 6 de las Reglas de Procedimiento Criminal, *supra.*
[23] *Pueblo v. Irizarry, supra*, pág. 568-569.

realizar un balance entre los derechos del acusado y el interés del Estado.[24] Asimismo, el Tribunal Supremo ha establecido que **no existe un derecho constitucional a descubrir prueba antes del juicio**.[25]

Cónsono con lo anterior, no puede interpretarse que, con solo invocar el debido proceso de ley, se obvie las reglas que gobiernan el derecho al descubrimiento de prueba y se abran las puertas para que el acusado solicite cualquier tipo de descubrimiento de prueba al Ministerio Público.[26] Empero, existe una única excepción a esta norma, la cual surge ante la existencia de evidencia exculpatoria por ser la única que activa la protección constitucional del debido proceso de ley.[27] En otras palabras, las circunstancias que activan el recurso al debido proceso de ley para sobrepasar el texto de la Regla 95 de Procedimiento Criminal[28] giran en torno a evidencia en posesión del Ministerio Público que sea relevante a la inocencia o el castigo del acusado.[29] Evidentemente, no es cualquier prueba la que se puede solicitar apoyándose en el derecho al debido proceso de ley.[30]

III

Nos encontramos, por segunda ocasión, ante un pedido de descubrimiento de prueba por la parte peticionaria en la etapa de vista preliminar. La peticionaria arguye que el Tribunal de Primera Instancia incidió al denegar la solicitud de prueba de impugnación que seguía las supuestas guías del Tribunal de Apelaciones. No le asiste la razón.

Primeramente, recordamos que la denegación de un auto de *certiorari* no constituye una adjudicación del caso en los méritos,

---

[24] *Pueblo v. Custodio Colón, supra,* pág. 586.
[25] *Id.*, pág. 588; *Pueblo v. Arzuaga,* 160 DPR 520, 534-535 (2003).
[26] *Pueblo v. Custodio Colón, supra,* pág. 587.
[27] *Id.*, pág. 588; *Pueblo v. Arzuaga, supra,* pág. 535.
[28] Regla 95 de las Reglas de Procedimiento Criminal, *supra.*
[29] *Pueblo v. Custodio Colón, supra.*
[30] *Id.*

independientemente de los fundamentos provistos. La peticionaria argumenta que este Tribunal de Apelaciones, al atender el recurso KLCE202301138, estableció unas "guías" para presentar una solicitud de prueba de impugnación. Este planteamiento no podría estar más anejado a la realidad, pues, este foro revisor denegó expedir el auto de *certiorari* por entender que no ameritaba intervenir o ejercer nuestra función revisora.

La peticionaria basó su argumento en que el foro intermedio expresó que "el Ministerio Público posee la obligación de entregar toda evidencia exculpatoria que recopile, ya sea durante o después de la etapa investigativa", y que esta incluye la prueba de impugnación.[31] No obstante, la peticionaria omite totalmente que el Tribunal de Apelaciones hizo la salvedad de que esta prueba solo se limita a aquella prueba que le sea favorable, por lo que tiene la obligación de poner en posición al Tribunal de que la evidencia le beneficia o favorece.

Convenientemente, la peticionaria también omite cuando este Tribunal señaló que **"la peticionaria ni tan siquiera ha presentado un ápice de prueba que demuestra que, en primer lugar, el Ministerio Público posee evidencia exculpatoria"** y **"[m]ucho menos ha demostrado que dicha evidencia, en efecto, le pueda favorecer o beneficiar"**.[32] Por último, **se le advirtió que su moción constituía un descubrimiento de prueba y que dicho procedimiento no comienza hasta la celebración del acto de lectura de acusación.**[33] **La *Resolución* emitida en el recurso KLCE202301138 carece de cualquier tipo de "guías".**

Más aún, a dos (2) días de emitida la referida *Resolución*, la peticionaria procedió a presentar una *Solicitud de Prueba de*

---

[31] Véase *Resolución* del recurso KLCE202301138, pág. 6.
[32] *Id.*
[33] *Id.*

*Impugnación.* El escrito solicita, por segunda vez, un listado de evidencia, con incisos casi idénticos al anterior, amparándose en la *Resolución* de este foro. La disfrazada moción es un segundo intento por la peticionaria a un descubrimiento de prueba en la etapa de vista preliminar, lo cual es improcedente. Nuevamente, la peticionaria falló en demostrar la existencia de prueba exculpatoria en posesión del Ministerio Público, quién en reiteradas ocasiones aclaró que no obra dicha prueba en el expediente o investigación realizada. En vez, la peticionaria insiste en hacer un descubrimiento de prueba previo a la celebración de la vista preliminar, obviando las disposiciones de la Regla 95(a) de Procedimiento Criminal[34] y lo establecido por la jurisprudencia. Dicho proseguir es dilatoria de los procedimientos y está revestida de frivolidad.

En síntesis, la *Solicitud de Prueba de Impugnación* presentada por la peticionaria constituye una segunda moción de descubrimiento de prueba antes de la celebración de la vista preliminar, por lo que, conforme a la Regla 95(a) de Procedimiento Criminal[35] y la jurisprudencia, es improcedente. El derecho a descubrimiento de prueba se activa con la presentación del pliego acusatorio y se rige por la Regla 95 de Procedimiento Criminal.[36] **Por ser un recurso frívolo, se le apercibe a la parte peticionaria que de repetirse este tipo de conducta se impondrá sanciones económicas.**

IV

Por los fundamentos antes esbozados, los cuales hacemos formar parte de esta Sentencia, se declara No ha Lugar a la *Moción de Auxilio de Jurisdicción.* Por otro lado, se expide el auto de

---

[34] Regla 95(a) de las Reglas de Procedimiento Criminal, *supra.*
[35] *Id.*
[36] *Id.*

*certiorari* y se confirma la *Resolución* recurrida del Tribunal de Primera Instancia, Sala Superior de Mayagüez.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones