Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO  Peticionario    ADRIANA NICOLE VÁZQUEZ PÉREZ  Recurrida | KLCE202500595 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan    Sobre: A177/Amenazas    Caso Núm. K MG2025M0017 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 18 de julio de 2025.

La parte peticionaria, el Pueblo de Puerto Rico, por conducto del Procurador General, comparece ante nos y solicita que dejemos sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 8 de abril de 2025, notificada el 10 de abril de 2025. Mediante la misma, el foro *a quo* ordenó al Ministerio Público permitir a la defensa el examen de tres (3) declaraciones juradas, con el propósito de que pudiera evaluar su contenido y, de estimarlo necesario, presentar una moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, 32 LPRA Ap. II, R. 64(p).

### I

Por hechos ocurridos el 2 de enero de 2025, se presentaron varias denuncias en contra de la señora Vázquez Pérez por infracción a los Artículos 241(c), 177 y 179 del Código Penal de Puerto Rico de 2012, Ley 146-2012, 33 LPRA secs. 5331, 5243 y 5245. Las referidas disposiciones, respectivamente, tipifican los

Número Identificador

SEN2025 _____

delitos de *alteración a la paz, amenazas* y el *delito contra el derecho de reunión.*

Conforme a los procedimientos de rigor, el 15 de enero de 2025, fue celebrada la vista de causa para arresto al amparo de la Regla 6 de Procedimiento Criminal, 32 LPRA Ap. II, R. 6. Como parte de la prueba presentada por el Ministerio Público, se incluyeron tres (3) declaraciones juradas suscritas por los testigos Kelvin Raúl Rivera Figueroa, Jennifer Aidyn González Colón y Mariangely Sánchez Cortés —quienes no comparecieron presencialmente—, así como el testimonio bajo juramento de la agente investigadora Kathiria Ivette Díaz Figueroa, quien autenticó tres vídeos sometidos como evidencia digital. Tras concluir la presentación de la prueba, el foro *a quo* determinó causa para arresto por todos los cargos imputados. El acto de lectura de acusación se celebró el 11 de febrero de 2025 y el juicio fue señalado para el 21 de abril de ese mismo año.

Posteriormente, el 18 de febrero de 2025, la parte recurrida presentó una *Moción Solicitando Declaraciones Juradas al Amparo de la Regla 95 de Procedimiento Criminal*. En la misma solicitó, al amparo de la Regla 95(a)(2) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 95(a)(2), copia de las declaraciones juradas presentadas en la vista de Regla 6, incluyendo las suscritas por la agente Kathiria Ivette Díaz Figueroa y los testigos Jennifer Aidyn González Colón, Mariangely Sánchez Cortés, Kelvin Raúl Rivera Figueroa. Indicó que "tenía intención de radicar una moción de desestimación conforme a la Regla 64(p) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(p)". Según expresó, el acceso a dichas declaraciones era indispensable para estructurar adecuadamente su defensa. Arguyó, además, que la negativa a permitir dicho acceso la colocaría en un "estado de indefensión y conllevaría un fracaso para la justicia".

El 26 de febrero de 2025, el Ministerio Público presentó la correspondiente *Oposición a Moción Solicitando Declaraciones Juradas al Amparo de la Regla 95 de Procedimiento Criminal*. En su escrito, sostuvo que, conforme al texto de la Regla 95(a)(2) de Procedimiento Criminal, *supra*, únicamente procedía la entrega de declaraciones juradas de testigos de cargo cuando estos han declarado en alguna etapa del procedimiento o cuando, habiéndose iniciado el juicio en su fondo, los testigos que hubieran sido anunciados por el Ministerio Público, posteriormente fueran renunciados por este. Arguyó que, en el caso de autos, excepto por el testimonio de la agente Díaz Figueroa, los demás testigos no comparecieron a la vista de causa para arresto, por lo que no procedía la entrega solicitada. Añadió que, la defensa debía esperar hasta el acto del juicio para obtener las declaraciones juradas, en específico, indicó que las podrían obtener una vez finalizara el interrogatorio directo y antes de que iniciara el contrainterrogatorio. Así, y tras reafirmarse en los argumentos de su petición, solicitó que se declarara *No Ha Lugar* la solicitud de la entrega de las referidas declaraciones juradas.

Por su parte, el 27 de febrero de 2025, la parte recurrida sometió una *Dúplica a "Oposición a Moción Solicitando Declaraciones Juradas al Amparo de la Regla 95 de Procedimiento Criminal"*.

Evaluadas las posturas de las partes, el 6 de marzo de 2025, notificada el día 7 del mismo mes, el Tribunal de Primera Instancia emitió una *Orden* mediante la cual concedió a las partes un término de quince (15) días para presentar un memorando de derecho exponiendo los fundamentos de sus respectivas posiciones en torno a la entrega de las referidas declaraciones juradas. En particular, les requirió que se expresaran sobre el alcance de la disposición contenida en la Regla 95(a)(2) de Procedimiento Criminal, *supra*.

En cumplimiento, el 21 de marzo de 2025, la parte recurrida presentó un *Memorando de Derecho en Solicitud de Entrega de Declaraciones Juradas*, mediante el cual argumentó que, conforme al debido proceso de ley y la Regla 95 de Procedimiento Criminal, *supra*, resultaba imprescindible que se le proveyeran las declaraciones juradas utilizadas por el Ministerio Público durante la vista de causa probable para arresto. Alegó que, respecto a los testigos que no comparecieron presencialmente a la vista, las declaraciones juradas suscritas por estos constituían la única prueba con información sobre el elemento subjetivo de los tres (3) delitos por los cuales se determinó causa probable para arresto. Sostuvo que, por tal razón, dichas declaraciones representaban el único mecanismo disponible para evaluar la prueba y preparar adecuadamente una moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra*. A su vez, expresó que, a su juicio, las declaraciones juradas en cuestión contenían prueba exculpatoria o favorable para la acusada. Según la parte recurrida, la negativa a proveer dichas declaraciones representaba un menoscabo a sus derechos fundamentales y limitaba severamente el ejercicio de una defensa adecuada.

Por su parte, el Ministerio Público presentó un *Memorando de Derecho en Oposición* a la entrega de las declaraciones juradas. En el pliego, argumentó que los testigos cuya prueba constaba por declaraciones juradas no habían declarado ante magistrado, por lo que, conforme a la Regla 95(a)(2) de Procedimiento Criminal, *supra*, no procedía su entrega. Además, sostuvo que la defensa no había formulado una alegación afirmativa ni había demostrado *prima facie* que dichas declaraciones contenían evidencia exculpatoria o relevante a la inocencia de la acusada. En apoyo a su solicitud, citó el caso *Pueblo v. Rivera Rivera*, 145 DPR 366 (1998), mediante el cual el Tribunal Supremo reitera que el imputado no tiene derecho

a obtener las declaraciones juradas que sirvieron de base para la determinación de causa probable para arresto, antes de que los testigos se sienten a declarar por primera vez en una vista preliminar o en el juicio en su fondo. En virtud de ello, solicitó que se declarara *No Ha Lugar* la solicitud presentada por la parte recurrida.

Así las cosas, mediante *Resolución* emitida el 8 de abril de 2025, el Tribunal de Primera Instancia acogió los planteamientos de la defensa y ordenó al Ministerio Público permitir el examen de las tres (3) declaraciones juradas suscritas por los testigos que no comparecieron presencialmente a la vista de causa para arresto. Determinó que, al tratarse de delitos menos graves que no conllevan vista preliminar, resultaba indispensable que la parte imputada tuviera acceso a la prueba que el Estado utilizaría para fundamentar la causa probable y preparar adecuadamente su defensa. Sostuvo que conocer el contenido de las declaraciones juradas era necesario para presentar una moción de desestimación conforme a la Regla 64(p) de Procedimiento Criminal, *supra*, toda vez que dichas declaraciones "podrían demostrar evidencia exculpatoria o relevante a la inocencia" de la acusada.[1]

Inconforme, y tras denegada una previa solicitud de reconsideración, el 30 de abril de 2025, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari.* En el mismo, formula los siguientes planteamientos:

> El Tribunal de Primera Instancia cometió un craso error de derecho al permitirle a la Sra. Adriana N. Vázquez Pérez examinar el contenido de las declaraciones juradas que el Ministerio Público presentó como prueba en la vista de causa probable para arresto, a pesar de que la Regla 95(a)(2) no contempla dicho descubrimiento, hasta tanto los testigos declaren en la vista preliminar o en el juicio.
>
> El Tribunal de Primera Instancia cometió un craso error al autorizar un descubrimiento de prueba que

---

[1] Apéndice del recurso, pág. 69.

constituye una "expedición de pesca" y permitir que la Sra. Adriana N. Vázquez Pérez pueda examinar el contenido de las declaraciones juradas que el Ministerio Público presentó como prueba en la vista de causa probable para arresto, a pesar de que la recurrida no demostró, *fehacientemente*, que dichas declaraciones juradas contenían prueba exculpatoria.

Tras examinar el recurso presentado por la parte peticionaria, el 20 de junio de 2025, emitimos *Resolución*, en la cual, conforme a la Regla 79 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 79, paralizamos *motu proprio* los efectos de la *Resolución* recurrida.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

**A**

El Tribunal Supremo ha reconocido como fundamental el derecho de un imputado a defenderse de una acusación criminal en su contra, y a obtener, mediante el descubrimiento de prueba, aquella evidencia que pueda favorecerle. *Pueblo v. Sanders Cordero*, 199 DPR 827, 835 (2018); *Pueblo v. Custodio Colón,* 192 DPR 567, 584 (2015); *Pueblo v. Arocho Soto,* 137 DPR 762, 766 (1994); *Pueblo v. Rodríguez Sánchez,* 109 DPR 243, 246 (1979). Este mecanismo de descubrimiento está intrínsecamente atado al derecho constitucional del acusado a preparar una defensa adecuada. *Pueblo v. Custodio Colón,* supra; *Soc. Asist. Leg. v. Ciencias Forenses*, 179 DPR 849, 857 (2010).

Ahora bien, es preciso advertir que el referido derecho al descubrimiento de prueba a favor del acusado, aunque revestido de gran importancia, no es de carácter absoluto. *Pueblo v. Arocho Soto*, supra; *Pueblo v. Rodríguez Aponte*, 116 DPR 653, 668 (1985); *Pueblo v. Dones Arroyo*, 106 DPR 303, 314 (1977). En este contexto, estatutariamente, el derecho al descubrimiento de prueba está

regulado por la Regla 95 de Procedimiento Criminal, *supra*, disposición que, conforme a lo resuelto por nuestro Tribunal Supremo, constituye una barrera estatutaria contra las llamadas "expediciones de pesca" en los archivos del Ministerio Público. *Soc. Asist. Leg. v. Ciencias Forenses*, supra; *Pueblo v. Arzuaga*, 160 DPR 520, 530 (2003).

En lo pertinente, la Regla 95(a)(2) de Procedimiento Criminal, 34 LPRA Ap. II, R. 95(a)(2), dispone que, previa moción del acusado —sometida en cualquier momento después de haberse presentado la acusación o denuncia—, el tribunal ordenará al fiscal el descubrimiento de "[c]ualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el ministerio fiscal". De la lectura del propio texto de la Regla se desprende que, para que surja la obligación del Ministerio Fiscal de descubrir las declaraciones juradas de los testigos de cargo, deben concurrir dos requisitos básicos: (i) que el acusado la solicite luego de presentado el pliego acusatorio, y (ii) que los testigos cuyas declaraciones se solicitan hayan testificado en alguna etapa del procedimiento, o que hayan sido renunciados por el Ministerio Público. *Pueblo v. Arzuaga*, supra, pág. 531, citando a E.L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Colombia, Ed. *Forum*, 1991, Vol. III, pág. 320. No obstante, si se trata de testigos que el fiscal no ha sentado a declarar en ninguna de las etapas previas a la presentación del pliego acusatorio, entonces, y como norma general, el acusado deberá esperar hasta el acto del juicio para obtener esas declaraciones juradas, las cuales se le entregaran una vez finalice el examen directo y antes de que dé inicio al contrainterrogatorio. *Pueblo v. Arzuaga*, supra, pág. 533.

**B**

Por otro lado, al reconocer que el descubrimiento de prueba a favor del acusado está cimentado en la Carta de Derechos de nuestra Constitución, el Tribunal Supremo ha establecido que existen determinadas circunstancias en las cuales se activa la protección del debido proceso de ley, permitiendo así un descubrimiento de prueba que exceda los límites textuales de la Regla 95 de Procedimiento Criminal, *supra*. *Pueblo v. Custodio Colón*, supra, pág. 587; *Pueblo v. Arzuaga*, supra, pág. 534 (2003); *Pueblo v. Rodríguez Sánchez*, supra, pág. 246.

Ahora bien, para que un acusado pueda obtener evidencia fuera de las limitaciones estatutarias dispuestas en la Regla 95 de Procedimiento Criminal, *supra*, no puede invocar livianamente el derecho a un debido proceso de ley.  No puede interpretarse que la sola mención del debido proceso abra las puertas para que la defensa pueda realizar lo que ha sido denominado como "expediciones de pesca" en los archivos de fiscalía. Las reglas que gobiernan el derecho al descubrimiento de prueba en casos criminales no pueden ser obviadas con la sola mención del derecho del acusado a un debido proceso de ley. *Pueblo v. Arzuaga*, supra, págs. 534-535. La jurisprudencia en torno a este tema es clara: no existe un derecho constitucional a descubrir prueba antes del juicio. *Weatherford v. Bursey*, 429 US 545, 559 (1977). El Tribunal Supremo ha sido enfático al exigir que el acusado debe demostrar prima facie tanto la materialidad de la evidencia solicitada como la legitimidad de su petición. *Pueblo v. Rodríguez Sánchez*, supra, pág. 249.

Es menester destacar que entre las circunstancias excepcionales en las cuales se activa la protección del debido proceso de ley, permitiendo así un descubrimiento de prueba que exceda los límites textuales de la Regla 95 de Procedimiento

Criminal, *supra,* se encuentra la producción de cualquier declaración que contenga prueba exculpatoria o indicios de falsedad en la prueba del Estado.

Cónsono con lo anterior, nuestro Tribunal Supremo adoptó la definición de prueba exculpatoria establecida en el caso normativo del máximo foro federal, *Brady v. Maryland,* 373 US 83 (1963), considerándola como aquella prueba material o favorable que tiene relevancia para la inocencia o la imposición de la pena del acusado, independientemente de la buena o mala fe demostrada por el Estado. *Pueblo v. Vélez Bonilla,* 189 DPR 705, 718-719 (2013). La evidencia se considera material si existe una probabilidad razonable de que, de haberse revelado a la defensa con anterioridad, el resultado del proceso habría sido diferente. *Strickler v. Green,* 527 US 263, 280 (1999). No obstante, es importante aclarar que la evidencia exculpatoria no es necesariamente aquella, que por sí sola puede dar lugar a la absolución del acusado, sino más bien toda evidencia que, de manera general, pueda beneficiar al acusado respecto a su falta de culpabilidad o la aplicación de la pena. *Pueblo v. Vélez Bonilla,* supra, pág. 719.

Bajo el crisol doctrinario previamente expuesto, ante un planteamiento sobre prueba exculpatoria, nuestro Tribunal Supremo ha establecido que:

> "[E]l imputado de delito podrá solicitar del tribunal que le ordene al fiscal que descubra dicha prueba, sin importar si el testigo ha declarado en alguna de las etapas preliminares del proceso. No obstante, el imputado viene en la obligación de demostrar afirmativamente que la declaración jurada de que se trata, con toda probabilidad, contiene evidencia exculpatoria o relevante a su inocencia o castigo. *Pueblo v. Romero Rodríguez,* ante, pág. 440. Ello a tenor con lo expresado por el Tribunal Supremo a los efectos de que cuando la defensa solicita que el fiscal ponga a su disposición la declaración de alguno de sus testigos de cargo —bajo el argumento de que la misma contiene evidencia exculpatoria o beneficiosa al acusado— **es necesario que los tribunales exijan "alguna**

**demostración afirmativa de la existencia de esa prueba", y no meras especulaciones que alimenten los argumentos de la defensa".** *Pueblo v. Arzuaga,* supra, págs. 540-541. (Énfasis nuestro.)

**III**

En la presente causa, el Ministerio Público aduce que el Tribunal de Primera Instancia incidió al ordenar el examen de tres (3) declaraciones juradas solicitadas por la defensa al amparo de la Regla 95(a)(2) de Procedimiento Criminal, *supra,* cuando los testigos en cuestión no habían declarado presencialmente en la vista de causa probable para arresto. A su vez, enfatiza que la parte recurrida no demostró fehacientemente que dichas declaraciones contienen prueba exculpatoria. Por ello, sostiene que tal actuación constituye un descubrimiento de prueba improcedente, que se asemeja a una "expedición de pesca", en abierta contravención con lo dispuesto en la Regla 95(a)(2) de Procedimiento Criminal, *supra.*

Habiendo entendido sobre los referidos señalamientos a la luz de los hechos, la prueba y la norma aplicable, resolvemos revocar la *Resolución* recurrida.

Tal cual previamente fue expuesto, en el presente caso, el Tribunal de Primera Instancia acogió el planteamiento de la parte recurrida y, mediante *Resolución,* autorizó el acceso limitado a las declaraciones juradas en cuestión. Dispuso que el examen de las mismas se realizará bajo supervisión en la Fiscalía, sin autorización para reproducir ni copiar su contenido. Justificó su decisión señalando que las declaraciones juradas eran relevantes para garantizar el ejercicio pleno del derecho a una defensa adecuada, y que podrían resultar fundamentales para evaluar la procedencia de una moción de desestimación.

Un examen del expediente de autos, mueve nuestro criterio a concluir que, en efecto, la determinación emitida por el Tribunal de Primera Instancia carece de apoyo legal. Tal como propone la parte

peticionaria, la orden de permitir el examen de las declaraciones juradas en cuestión no se ajusta a los parámetros establecidos en la Regla 95(a)(2) de Procedimiento Criminal, *supra*. Asimismo, la solicitud de la parte recurrida tampoco cumplió con los requisitos excepcionales que conceden activar la protección constitucional del debido proceso de ley, de forma tal que permita un descubrimiento de prueba más amplio de los límites textuales de la referida Regla. Ello, puesto que no se presentó demostración afirmativa alguna de que las declaraciones solicitadas contuvieran prueba exculpatoria. Nos explicamos.

Según reseñamos anteriormente, la Regla 95 de Procedimiento Criminal, *supra*, regula el descubrimiento de prueba a favor del acusado. En lo pertinente, de la lectura del propio texto de la Regla se desprende que, para que surja la obligación del Ministerio Fiscal de descubrir las declaraciones juradas de los testigos de cargo, deben concurrir dos requisitos básicos: (i) que el acusado la solicite luego de presentado el pliego acusatorio, y (ii) que los testigos cuyas declaraciones se solicitan hayan testificado en alguna etapa del procedimiento, o que, luego de comenzado el juicio, hayan sido renunciados por el Ministerio Público. *Pueblo v. Arzuaga*, supra, pág. 531. No obstante, si se trata de testigos que el fiscal no ha sentado a declarar en ninguna de las etapas previas a la presentación del pliego acusatorio, entonces, y como norma general, el imputado deberá esperar hasta el acto del juicio para obtener esas declaraciones juradas; las podrá solicitar una vez finalice el examen directo y antes de que dé inicio al contrainterrogatorio. *Pueblo v. Arzuaga*, supra, pág. 533.

Por otro lado, nuestro ordenamiento jurídico reconoce que, en circunstancias excepcionales, puede activarse la protección constitucional del debido proceso de ley de forma tal que permita un descubrimiento de prueba que exceda los límites textuales de la

Regla 95 de Procedimiento Criminal, *supra*. Entre dichas circunstancias excepcionales, el Tribunal Supremo ha identificado la producción de cualquier declaración que contenga prueba exculpatoria o indicios de falsedad en la prueba del Estado. Sin embargo, cuando la defensa solicita que el fiscal ponga a su disposición la declaración de alguno de sus testigos de cargo —bajo el argumento de que la misma contiene evidencia exculpatoria o beneficiosa al acusado— es necesario que los tribunales exijan "alguna demostración afirmativa de la existencia de esa prueba", y no meras especulaciones que alimenten los argumentos de la defensa. *Pueblo v. Arzuaga*, supra, págs. 540-541. Es decir, no basta con formular conjeturas generales, ni meras sospechas sobre lo que pudiera contener una declaración jurada. La normativa vigente exige una demostración afirmativa, específica y material que justifique el acceso solicitado.

En el caso ante nuestra consideración, ningún supuesto de hecho activa el marco normativo que autoriza el descubrimiento de declaraciones juradas bajo la Regla 95(a)(2) de Procedimiento Criminal, *supra*. Los tres (3) testigos cuyas declaraciones juradas fueron solicitadas por la parte recurrida —a saber, Kelvin Raúl Rivera Figueroa, Jennifer Aidyn González Colón y Mariangely Sánchez Cortés— no comparecieron presencialmente a la vista de causa probable para arresto celebrada el 15 de enero de 2025, ni prestaron testimonio ante magistrado alguno en el transcurso del procedimiento. Tampoco consta en el expediente que el Ministerio Público los haya renunciado tras la presentación del pliego acusatorio. Por consiguiente, en ausencia de una base fáctica que justifique su aplicación, no existe fundamento jurídico válido, al amparo de la regla en cuestión, que sostenga la procedencia de ordenar el examen de las declaraciones juradas solicitadas.

Conviene destacar que en el pliego que origina la presente controversia, entiéndase, la *Moción Solicitando Declaraciones Juradas al Amparo de la Regla 95 de Procedimiento Criminal* la parte recurrida no planteó violación al debido proceso de ley como fundamento para la entrega de las declaraciones juradas en cuestión. Fue luego de que la Juzgadora solicitara los memorandos de derecho a las partes, que la recurrida intentó, por primera vez, justificar la entrega de las declaraciones juradas al amparo del debido proceso de ley, alegando que las mismas contenían prueba exculpatoria indispensable para presentar una moción de desestimación conforme a la Regla 64(p) de Procedimiento Criminal, *supra*. Sin embargo, el requerimiento de prueba de la parte recurrida descansó en un reclamo liviano sobre la preparación adecuada de su defensa. Esta falló en identificar prueba exculpatoria concreta, ni explicó de qué manera las declaraciones juradas solicitadas resultarían indispensables para presentar su moción de desestimación. Su planteamiento se mantuvo en el terreno especulativo, al pretender justificar el acceso mediante conjeturas sobre lo que "podría" contener el documento, sin presentar indicio alguno que permitiera al Tribunal concluir que se trataba de prueba exculpatoria. Su exposición se limitó a afirmaciones genéricas y conjeturales, carentes de toda demostración afirmativa del contenido probatorio requerido. Esa omisión procesal impide activar la protección excepcional del debido proceso de ley que permitiría flexibilizar los requisitos de la Regla 95 de Procedimiento Criminal, *supra*. Conforme ha resuelto el Tribunal Supremo, corresponde a los tribunales de instancia exigir "alguna demostración afirmativa de la existencia de esa prueba", sin que baste una mera especulación o referencia vaga sobre su posible utilidad.

Además, según surge de los autos ante nuestra consideración, durante la vista de causa probable para arresto, se presentaron en

evidencia tres (3) videos directamente relacionados con los hechos imputados y el testimonio presencial de la agente investigadora, quien vinculó a la señora Vázquez Pérez con los elementos de los delitos imputados. Todo el cúmulo de evidencia disponible, incluyendo los videos relacionados con los hechos imputados, la grabación íntegra de la vista celebrada al amparo de la Regla 6 y el testimonio directo de la agente investigadora, faculta plenamente a la defensa para impugnar la determinación de causa probable emitida. En vista de ello, resulta jurídicamente insostenible y procesalmente improcedente autorizar el acceso extraordinario a las declaraciones juradas solicitadas. Pretender su divulgación a estas alturas del proceso no solo carece de justificación legal o fáctica, sino que contraviene abiertamente los criterios que rigen esta etapa del procedimiento criminal. Más aún, la defensa dispone ya de evidencia que en nada limita ni entorpece su facultad de ejercer una defensa adecuada conforme a derecho.

En ese sentido, resulta particularmente preocupante que el Foro primario haya autorizado el descubrimiento de prueba sin la debida justificación fáctica ni jurídica, y lo haya hecho fundamentándose en proyectos de ley que no han sido ni aprobados por la Asamblea Legislativa. No podemos convalidar una actuación judicial que elude los parámetros procesales establecidos y pretende sustituir el derecho vigente por propuestas que no han sido avaladas. La actuación del Foro de instancia compromete la integridad del proceso penal, abre la puerta a precedentes peligrosos, y debilita el delicado balance entre las garantías del acusado y las prerrogativas del Estado.

En vista de lo anteriormente expresado, resulta forzoso concluir que la acusada, Vázquez Pérez, tendrá que aguardar al momento en que los testigos Kelvin Raúl Rivera Figueroa, Jennifer Aidyn González Colón y Mariangely Sánchez Cortés se sienten a

declarar en el juicio —o sean renunciados por el Ministerio Fiscal y puesto a disposición de la defensa— para obtener las declaraciones juradas que estos prestaron ante el Ministerio Fiscal.

A nuestro juicio, el ordenar el examen de las tres (3) declaraciones juradas de testigos que no estuvieron presentes en la vista para determinar causa probable para el arresto, está totalmente carente de apoyo fáctico y normativo. Consecuentemente, no podemos sino expedir el presente recurso de *certiorari* solicitado y revocar la *Resolución* recurrida.

**IV**

Por los fundamentos que anteceden, se expide el recurso de *certiorari* solicitado y se revoca la *Resolución* recurrida. Se deja sin efecto la paralización de los procedimientos decretada y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los mismos, ello a tenor con lo aquí resuelto.

**Notifíquese inmediatamente a todas las partes, al Tribunal de Primera Instancia, Sala de San Juan, y a la Hon. Ana Paulina Cruz Vélez.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones