Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO Y OTROS<br><br>Recurridos<br><br>v.<br><br>OSVALIE A. ORTIZ DÍAZ<br><br>Peticionario | TA2025CE00602 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Sobre: Art. 7.02 Ley 22; Art. 246 C.P.<br><br>Caso Núm. I1TR202400279; I1CR202400356 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de noviembre de 2025.

El peticionario, Osvalie Antonio Ortiz Díaz, comparece ante nos y solicita que dejemos sin efecto la determinación emitida en corte abierta el 8 de julio de 2025, notificada mediante *Minuta Enmendada-Resolución* el 10 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala de Mayagüez. En su dictamen, el Foro primario resolvió una moción al amparo de la Regla 95 de Procedimiento Criminal, 34 LPRA Ap. II, R. 95, mediante la cual denegó cierto descubrimiento de prueba a favor del peticionario y ordenó al Ministerio Público la entrega de las fotografías del vehículo que manejaba el peticionario.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se modifica la *Minuta Enmendada-Resolución* recurrida.

**I**

Por hechos ocurridos el 27 de septiembre de 2024, el Ministerio Público presentó dos denuncias en contra del señor Ortiz Díaz por el delito de manejar un vehículo de motor bajo los efectos

de bebidas embriagantes, según tipificado por el Artículo 7.02 de la Ley Núm. 22-2000, Ley de Vehículos y Tránsito de Puerto Rico, 9 LPRA sec. 5202, y por el delito de resistencia u obstrucción a la autoridad pública, según tipificado por el Artículo 246 de la Ley Núm. 246-2012, Código Penal de Puerto Rico, 33 LPRA sec. 5336. Luego de evaluada la prueba, se encontró causa para arresto, conforme la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R. 6.

El 9 de enero de 2025, el peticionario presentó una *Moción al Amparo de la Regla 95 de Procedimiento Criminal*. Mediante dicho escrito, solicitó la entrega de diversa evidencia documental relacionada con la recolección, manejo, análisis y custodia de las muestras de aliento y/o sangre, obtenidas en el caso, así como información vinculada al funcionamiento, calibración y mantenimiento del instrumento Intoxilyzer 5000. En específico, requirió las certificaciones, licencias y designaciones oficiales del agente interventor y del personal técnico autorizado por el Departamento de Salud, los documentos que acreditaran la cadena de custodia, los informes de calibración y los manuales de procedimiento aplicables. Del mismo modo, el peticionario reclamó acceso a otros elementos probatorios directamente asociados a los hechos imputados. Entre ellos, requirió: "(g) copia de cualquier mapa, croquis, plano o documento análogo utilizado en la investigación; (h) cualquier foto, video, nota o evidencia audiovisual recopilada por funcionarios públicos con relación al caso de epígrafe; y (i) toda prueba exculpatoria en poder del Ministerio Público que pudiera favorecer al imputado". Según alegó, dicho descubrimiento resultaba indispensable para la adecuada preparación de su defensa.

En respuesta, el 31 de enero de 2025, el Ministerio Público presentó su *Contestación a Moción sobre Regla 95 de Procedimiento*

*Criminal.* En su escrito, afirmó que los informes y documentos solicitados por la defensa que obraban en su expediente podían ser inspeccionados y fotocopiados por el peticionario el día de su preferencia, a partir de las 2:00 p.m. Indicó que el material disponible y pertinente al caso sería puesto a disposición de la defensa, incluyendo los certificados de calibración, verificación y mantenimiento del *Intoxilyzer 9000*, así como los registros del Negociado de la Policía y del Departamento de Salud. El Ministerio Público también consignó que no existía prueba exculpatoria bajo su custodia y control. En cuanto a los demás señalamientos, formuló objeciones específicas, por tratarse de información no pertinente, no descubrible o previamente entregada, y reiteró que cualquier otro material sería evaluado conforme a los criterios de pertinencia, necesidad y alcance de la Regla 95 de Procedimiento Criminal, *supra.*

Inconforme, ese mismo día, el peticionario presentó una *Moción en Solicitud de Orden*, mediante la cual alegó que el Ministerio Público no había cumplido adecuadamente con la entrega de la evidencia solicitada al amparo de la Regla 95 de Procedimiento Criminal, *supra.* Adujo que el agente que intervino había grabado audios y videos el día de los hechos, particularmente los días 27 y 28 de septiembre de 2024, y que tales grabaciones constituían prueba exculpatoria. Alegó que los videos, audios y fotografías tomados por la Policía demostraban que el señor Ortiz Díaz fue arrestado sin ningún motivo fundado para creer que se estaba cometiendo delito. Reiteró que la defensa tenía derecho a que se ordenara la producción inmediata de toda evidencia exculpatoria que obrara en poder del Ministerio Público o de la Policía de Puerto Rico, incluyendo fotografías, videos, informes, documentos o cualquier otro material relacionado con la intervención. En consecuencia, solicitó que se emitiera una orden requiriendo la

entrega inmediata de toda la prueba solicitada, y que se declarara con lugar la moción conforme a derecho.

Luego, según surge del expediente ante nuestra consideración, que el 13 de marzo de 2025, el peticionario presentó una *Moción Informativa sobre Incumplimiento del Ministerio Público con la Regla 95 de Procedimiento Criminal.* Expuso que, a pesar de haber solicitado el descubrimiento de prueba conforme a la Regla 95 de Procedimiento Criminal, *supra,* mediante moción presentada el 9 de enero de 2025, el Ministerio Público no había entregado la evidencia requerida para la adecuada preparación de su defensa. Adujo que todavía faltaba materiales e información directamente relacionados con los hechos imputados. En específico, esbozó que la información solicitada que no había sido entregada consistía en:

a) [E]l informe policiaco de la Querella #2024-5-050-011193, la cual tiene fecha del día de la intervención (27/septiembre/2024), está relacionada con los hechos que se imputan en las denuncias del caso de epígrafe.

b) [L]os videos, fotos y audios grabados por la Policía durante la intervención y/o citación del imputado el día 8 de noviembre de 2024.

c) Expediente de todas las querellas administrativas o investigaciones realizadas contra los agentes que intervinieron con el imputado. Además, en forma particular, [solicitó] los expedientes, querellas o investigaciones administrativas realizadas contra el agente Heriberto Ramos Pérez (27,923) y el agente Jorge Ortiz Valentín (36,009).

d) Veintisiete (27) fotografías tomadas al señor Osvalie Ortiz Díaz el día 27 de septiembre de 2024, por la Unidad de Servicios Técnicos de la Policía de Puerto Rico, "relacionado al uso de fuerza utilizado para el arresto del mismo."

e) Fotos del vehículo que supuestamente estaba conduciendo y/o haciendo funcionar el imputado, tomadas y en poder de la Policía de Puerto Rico, el cual fue ocupado por el agente interventor y el cual se describe en la denuncia por alegada infracción al Artículo 7.02 de la Ley de Vehículos y de Tránsito, *supra.*

f) Cualquier reporte, contestación, informe y/o documento entregado a la Policía de Puerto Rico y/o al Ministerio Público, en relación al "SUBPOENA DUCES TECUM" que fue expedido por el Fiscal Andre P. Lartigaut Rivera, "para fines de la investigación criminal" de la querella 2024-05-199-001275.

g) Cualquier contestación, información, documento recibido por el agente investigador y/o por el Ministerio Público relacionado al requerimiento del Departamento

de Justicia (SUBPOENA DUCES TECUM del 18 de octubre de 2024) en el que el Fiscal Andre P. Lartigaut Rivera ordenó que: "De surgir que este vehículo por su clasificación del manufacturero "OFF ROAD" no cumpla con los requisitos de Ley Federal para ser registrado y transitar por las vías en Puerto Rico según lo establece la Ley Code Federal Regulation (CFR) No. 500 (49 CFRE 571.500), FAVOR DE TRANCAR EL RECORD DURANTE EL PROCESO DE LA INVESTIGACIÓN.[1]

El peticionario sostuvo que la omisión, por parte del Ministerio, de entregar la información y documentación solicitada constituía un incumplimiento directo de la Regla 95 de Procedimiento Criminal, *supra*. Por tal razón, solicitó nuevamente que el Tribunal expidiera una orden al Ministerio Público para que proveyera lo solicitado.

El 3 de abril de 2025, el Ministerio Público presentó una *Contestación a Moción sobre Regla 95 de Procedimiento Criminal*. En esta, expresó que la información solicitada por la defensa fue atendida en la medida permitida por la normativa vigente y que varios de los requerimientos no procedían, por carecer de pertinencia o por constituir solicitudes excesivas. En cuanto a los videos relacionados al caso, sostuvo que el material audiovisual tomado el día de la intervención estaba disponible, mediante dispositivo USB, para su recogido en la Fiscalía de Mayagüez, y objetó la entrega del video de la citación por "no ser pertinente a los hechos ante la consideración de este Honorable Tribunal".

Por otra parte, el Ministerio Público objetó la entrega de expedientes administrativos, querellas, certificaciones de antecedentes o documentos internos relacionados con los agentes que llevaron a cabo la intervención, al señalar que la defensa no había demostrado que la información solicitada fuese "material, pertinente y necesaria para la adecuada defensa". Señaló, además, que la mera posibilidad de que las querellas administrativas

---

[1] Apéndice del recurso, págs. 28-29.

pudiesen ser "potencialmente útiles" no era suficiente para convertir tales expedientes en material descubrible, y enfatizó que la solicitud formulada constituía una "expedición de pesca" proscrita por la Regla 95 de Procedimiento Criminal, *supra*.

En cuanto a las fotografías tomadas por la Policía los días 27 y 28 de septiembre de 2024, el Ministerio Público objetó la entrega por entender que constituía una "expedición de pesca" que rebasaba el texto de la Regla 95 de Procedimiento Criminal, *supra*. Asimismo, indicó que el único *subpoena duces tecum* expedido en relación con este caso era el emitido por el Fiscal André P. Lartigaut Rivera sobre la Querella #2024-05-199-001275, y que esta había sido entregado a la defensa. Finalmente, expresó que la solicitud de "cualquier contestación, documento o información recibida por el agente investigador o por el Ministerio Público relacionada al requerimiento del Departamento de Justicia" no era descubrible por "no ser pertinente al caso criminal", y enfatizó que la defensa no había demostrado una "clara demostración *prima facie* de relevancia de la información requerida", conforme a la jurisprudencia aplicable sobre la Regla 95 de Procedimiento Criminal, *supra*.

El 8 de julio de 2025, el Tribunal celebró una vista para atender los planteamientos de las partes en torno a la solicitud del descubrimiento de prueba presentada por la defensa, al amparo de la Regla 95 de Procedimiento Criminal, *supra*. En dicha comparecencia, cada parte expuso sus argumentos sobre la pertinencia, disponibilidad y naturaleza de la prueba solicitada. Con posterioridad a la vista, el 28 de agosto de 2025, la defensa presentó una *Moción en Solicitud de Resolución*, en la cual reclamó que, a pesar de la celebración de la vista, el Tribunal no había notificado la determinación correspondiente y solicitó la expedición de la resolución sobre cada uno de los documentos requeridos.

Así las cosas, el 10 de septiembre de 2025, el Tribunal notificó la *Minuta Enmendada-Resolución* recurrida, en la que resolvió —en lo pertinente a la Regla 95 de Procedimiento Criminal, *supra*— lo siguiente: *No Ha Lugar* la solicitud de los videos de citación al acusado; *No Ha Lugar* la solicitud de las querellas de los agentes; *No Ha Lugar* la solicitud de las veintisiete (27) fotografías tomadas el día de la intervención; *Ha Lugar* las fotografías tomadas al vehículo; *No Ha Lugar* en cuanto a la solicitud sobre el *subpoena* del DTOP; y *No Ha Lugar* la solicitud de copia del Manual de Normas de Procedimiento del Laboratorio de Salud Pública. Según surge de la *Minuta Enmendada-Resolución*, el requerimiento relacionado con el *subpoena* de Departamento de Transportación y Obras Públicas, ya había sido entregado.

Inconforme, el 10 de octubre de 2025, el peticionario compareció ante nos mediante el presente recurso de *certiorari* y formuló los siguientes señalamientos de error:

> Cometió error el TPI al denegar la solicitud de divulgación de prueba exculpatoria presentada por el peticionario a tenor con lo dispuesto en la Regla 95 de Procedimiento Criminal.

> Cometió error el TPI al denegar la solicitud del peticionario para que se dicte una orden al Departamento de Salud para que le provea el Manual de Normas de Procedimientos del Laboratorio de Salud Pública relacionado a la toma de muestras de sangre para realizar un Informe de Análisis Toxicológico.

Posterior a la presentación del antedicho recurso de *certiorari*, el 22 de octubre de 2025, el peticionario compareció nuevamente ante nos mediante una *Solicitud de Orden en Auxilio de Jurisdicción*. En esta, solicitó que este Tribunal emitiera una orden para paralizar todos los procedimientos en el Tribunal de Primera Instancia para que la determinación que fuera a tomar esta curia, no resultara académica. Ese mismo día, emitimos *Resolución* mediante la cual declaramos *No Ha Lugar* a la *Solicitud de Orden en Auxilio de Jurisdicción*.

No obstante, el 6 de noviembre de 2025, emitimos *Resolución*, en la cual, conforme a la Regla 79 del Reglamento de este Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 109-110, 215 DPR ___ (2025), paralizamos *motu proprio* los efectos de la *Resolución* recurrida.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

**A**

El Tribunal Supremo ha reconocido como fundamental el derecho de un imputado a defenderse de una acusación criminal en su contra, y a obtener, mediante el descubrimiento de prueba, aquella evidencia que pueda favorecerle. *Pueblo v. Sanders Cordero,* 199 DPR 827, 835 (2018); *Pueblo v. Custodio Colón,* 192 DPR 567, 584 (2015); *Pueblo v. Arocho Soto,* 137 DPR 762, 766 (1994); *Pueblo v. Rodríguez Sánchez,* 109 DPR 243, 246 (1979). Este mecanismo de descubrimiento está intrínsecamente atado al derecho constitucional del acusado a preparar una defensa adecuada. *Pueblo v. Custodio Colón,* supra; *Soc. Asist. Leg. v. Ciencias Forenses,* 179 DPR 849, 857 (2010).

Ahora bien, es preciso advertir que el referido derecho al descubrimiento de prueba a favor del acusado, aunque revestido de gran importancia, no es de carácter absoluto. *Pueblo v. Arocho Soto,* supra; *Pueblo v. Rodríguez Aponte,* 116 DPR 653, 668 (1985); *Pueblo v. Dones Arroyo,* 106 DPR 303, 314 (1977). En este contexto, estatutariamente, el derecho al descubrimiento de prueba está regulado por la Regla 95 de Procedimiento Criminal, *supra,* disposición que, conforme a lo resuelto por nuestro Tribunal Supremo, constituye una barrera estatutaria contra las llamadas "expediciones de pesca" en los archivos del Ministerio Público. *Soc.*

*Asist. Leg. v. Ciencias Forenses*, supra; *Pueblo v. Arzuaga*, 160 DPR 520, 530 (2003).

En lo pertinente, la Regla 95(a)(4) de Procedimiento Criminal, 34 LPRA Ap. II, R. 95(a)(4), dispone que, previa moción del acusado —sometida en cualquier momento después de haberse presentado la acusación o denuncia—, el tribunal ordenará al fiscal el descubrimiento de "[c]ualquier libro, papel, documento, fotografía, objeto tangible, estructura o lugar que sea relevante para preparar adecuadamente la defensa del acusado, que el Ministerio Fiscal se propone utilizar en el juicio o que fue obtenido del acusado o perteneciera al acusado". De una lectura de la regla anteriormente citada se desprende que para que el Ministerio Público venga obligado a descubrir, para beneficio del acusado, cualquier libro o documento de los que allí se mencionan, basta con que se dé una de las siguientes tres (3) circunstancias: (1) que el material solicitado sea relevante para preparar la defensa del acusado; (2) que el Ministerio Público se proponga utilizarlo en el juicio, o (3) que el material haya sido obtenido del acusado o le perteneciera. *Pueblo v. Santa Cruz*, 149 DPR 223, 232 (1999) citando a E.L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1993, Vol. III, págs. 333-334.

Además, la Regla 95(C) de Procedimiento Criminal, 34 LPRA Ap. II, R. 95(C) dispone que:

> La defensa deberá incluir, junto con la solicitud de descubrimiento de prueba, las órdenes necesarias para solicitar el material o la información que prevee que el Ministerio Público no tendrá bajo su custodia, dirigidas a las personas o entidades que la poseen, custodian o controlan. El Ministerio Público deberá entregar la información y/o material solicitado que tenga bajo su custodia o control e informar al tribunal si existe algún material o información que le fue solicitada, pero que no se encuentra bajo su posesión, custodia o control, en cuyo caso el tribunal ordenará a la persona o entidad que la posea, custodie o controle, **que la ponga a la disposición del acusado**.

**B**

Por otro lado, al reconocer que el descubrimiento de prueba a favor del acusado está cimentado en la Carta de Derechos de nuestra Constitución, el Tribunal Supremo ha establecido que existen determinadas circunstancias en las cuales se activa la protección del debido proceso de ley, permitiendo así un descubrimiento de prueba que exceda los límites textuales de la Regla 95 de Procedimiento Criminal, *supra. Pueblo v. Custodio Colón,* supra, pág. 587; *Pueblo v. Arzuaga,* supra, pág. 534 (2003); *Pueblo v. Rodríguez Sánchez,* supra, 246.

Ahora bien, para que un acusado pueda obtener evidencia fuera de las limitaciones estatutarias dispuestas en la Regla 95 de Procedimiento Criminal, *supra,* no puede invocar livianamente el derecho a un debido proceso de ley.  No puede interpretarse que la sola mención del debido proceso abra las puertas para que la defensa pueda realizar lo que ha sido denominado como "expediciones de pesca" en los archivos de fiscalía. Las reglas que gobiernan el derecho al descubrimiento de prueba en casos criminales no pueden ser obviadas con la sola mención del derecho del acusado a un debido proceso de ley. *Pueblo v. Arzuaga,* supra, págs. 534-535. La jurisprudencia en torno a este tema es clara: no existe un derecho constitucional a descubrir prueba antes del juicio. *Weatherford v. Bursey,* 429 US 545, 559 (1977). El Tribunal Supremo ha sido enfático al exigir que el acusado debe demostrar prima facie tanto la materialidad de la evidencia solicitada como la legitimidad de su petición. *Pueblo v. Rodríguez Sánchez,* supra, pág. 249.

Es menester destacar que entre las circunstancias excepcionales en las cuales se activa la protección del debido proceso de ley, permitiendo así un descubrimiento de prueba que exceda los límites textuales de la Regla 95 de Procedimiento

Criminal, *supra*, se encuentra la producción de cualquier declaración que contenga prueba exculpatoria o indicios de falsedad en la prueba del Estado.

Cónsono con lo anterior, nuestro Tribunal Supremo adoptó la definición de prueba exculpatoria establecida en el caso normativo del máximo foro federal, *Brady v. Maryland*, 373 US 83 (1963), considerándola como aquella prueba material o favorable que tiene relevancia para la inocencia o la imposición de la pena del acusado, independientemente de la buena o mala fe demostrada por el Estado. *Pueblo v. Vélez Bonilla*, 189 DPR 705, 718-719 (2013). La evidencia se considera material si existe una probabilidad razonable de que, de haberse revelado a la defensa con anterioridad, el resultado del proceso habría sido diferente. *Strickler v. Green*, 527 US 263, 280 (1999). No obstante, es importante aclarar que la evidencia exculpatoria no es necesariamente aquella, que por sí sola puede dar lugar a la absolución del acusado, sino más bien toda evidencia que, de manera general, pueda beneficiar al acusado respecto a su falta de culpabilidad o la aplicación de la pena. *Pueblo v. Vélez Bonilla*, supra, pág. 719.

**III**

En su primer señalamiento de error, el peticionario sostiene que el Tribunal de Primera Instancia incidió al denegar la divulgación de prueba exculpatoria presentada al amparo de la Regla 95 de Procedimiento Criminal, *supra*. A su juicio, la prueba solicitada era indispensable para preparar adecuadamente su defensa. Habiendo entendido sobre el referido señalamiento y a la luz del derecho aplicable, expedimos y modificamos la determinación recurrida. Nos explicamos.

Según reseñamos anteriormente, estatutariamente, el derecho al descubrimiento de prueba está regulado por la Regla 95 de Procedimiento Criminal, *supra*, disposición que, conforme a lo

resuelto por nuestro Tribunal Supremo, constituye una barrera estatutaria contra las llamadas "expediciones de pesca" en los archivos del Ministerio Público. *Soc. Asist. Leg. v. Ciencias Forenses*, supra; *Pueblo v. Arzuaga*, supra, pág. 530. No obstante lo anterior, de una lectura de la Regla 95(a)(4) de Procedimiento Criminal, *supra*, se desprende que para que el Ministerio Público venga obligado a descubrir, para beneficio del acusado, cualquier libro, papel, documento, fotografía, objeto tangible de los que allí se mencionan, basta con que se dé una de las siguientes tres (3) circunstancias: (1) que el material solicitado sea relevante para preparar la defensa del acusado; (2) que el Ministerio Público se proponga utilizarlo en el juicio, o (3) que el material haya sido obtenido del acusado o le perteneciera. *Pueblo v. Santa Cruz*, supra, pág. 232.

Por otro lado, nuestro ordenamiento jurídico reconoce que, en circunstancias excepcionales, puede activarse la protección constitucional del debido proceso de ley de forma tal que permita un descubrimiento que exceda los límites textuales de la Regla 95 de Procedimiento Criminal, *supra*. Entre dichas circunstancias excepcionales, el Tribunal Supremo ha identificado la producción de cualquier declaración que contenga prueba exculpatoria o indicios de falsedad en la prueba del Estado. Sin embargo, cuando la defensa solicita que el fiscal ponga a su disposición evidencia —bajo el argumento de que la misma contiene evidencia exculpatoria o beneficiosa al acusado— es necesario que los tribunales exijan "alguna demostración afirmativa de la existencia de esa prueba", y no meras especulaciones que alimenten los argumentos de la defensa. *Pueblo v. Arzuaga*, supra, págs. 540-541. Es decir, no basta con formular conjeturas generales ni meras sospechas. La normativa vigente exige una demostración afirmativa, específica y material que justifique el acceso solicitado.

En el caso ante nuestra consideración, el 8 de julio de 2025, el Tribunal de Primera Instancia celebró una vista donde atendió los planteamientos de la defensa sobre el descubrimiento de prueba al amparo de la Regla 95 de Procedimiento Criminal, *supra.* En dicha vista, el peticionario insistió en que la entrega de los materiales solicitados —incluidos el video del día de la citación, las veintisiete (27) fotografías tomadas al peticionario el 27 de septiembre de 2024, las querellas administrativas de los agentes que intervinieron con el acusado, el *subpoena duces tecum* al Departamento de Transportación y Obras Públicas y el Manual de Normas y Procedimientos del Laboratorio de Salud Pública— eran necesarios para preparar adecuadamente su defensa.

Por su parte, el Ministerio Público se opuso a la entrega del video del día de la citación y las veintisiete (27) fotografías tomadas al acusado por entender que no guardaban relación directa con los hechos del caso. Además, se opuso a la entrega de las querellas de los agentes por entender que constituían una "expedición de pesca". Afirmó que los videos de todos los agentes del día de la intervención y el *subpoena* ya habían sido entregados a la defensa. Finalmente, expresó que el Manual de Normas y Procedimientos del Laboratorio de Salud Pública se encontraba disponible en el Departamento de Salud para que la defensa obtuviera copia.

A la luz de tales planteamientos, el foro primario resolvió, mediante *Minuta Enmendada-Resolución*, denegar la entrega de: el video del día de la citación, las veintisiete (27) fotografías del día de la intervención, de las querellas que podrían tener los agentes que intervinieron con el acusado, y del Manual de Normas y Procedimientos del Laboratorio de Salud Pública. Por otro lado, ordenó la entrega de las fotografías del vehículo. Según se desprende de la *Minuta Enmendada-Resolución,* el requerimiento relacionado con el *subpoena* de Departamento de Transportación y Obras

Públicas, ya había sido atendido. Examinada la *Minuta* de la vista y los argumentos allí esgrimidos, no surge que la defensa realizara una demostración afirmativa de la existencia de prueba exculpatoria, conforme exige el marco normativo de la Regla 95 de Procedimiento Criminal, *supra*.

Ahora bien, no escapa nuestra atención que la solicitud del acusado en cuanto al video tomado el día de la citación y a las veintisiete (27) fotografías tomadas durante la intervención del 27 de septiembre de 2024, se encuentra dentro de la evidencia descrita en la Regla 95(a)(4) de Procedimiento Criminal, *supra*. Ello pues, la información requerida resulta relevante para la adecuada preparación de la defensa del acusado. Por lo tanto, el video tomado el día de la citación, así como las veintisiete (27) fotografías tomadas el día de los hechos, son descubribles. Consecuentemente, **revocamos** la determinación del Tribunal de Primera Instancia y ordenamos la entrega del video del día de la citación, así como las veintisiete (27) fotografías tomadas el día de la intervención.

Por otra parte, sostenemos la corrección de la determinación del Tribunal de Primera Instancia al denegar la entrega de las querellas que "pudieran" tener los agentes, pues esta solicitud constituye una "expedición de pesca" en los archivos del Ministerio Público. Del expediente no surge que la solicitud de la defensa se encuentre dentro de la evidencia contemplada en la Regla 95 de Procedimiento Criminal, *supra*, y tampoco cumple con los requisitos excepcionales que exige la normativa vigente para que el Tribunal permita hacer un descubrimiento que rebase los límites de la referida Regla. Conviene recordar que, conforme lo establece la Regla 404 de las Reglas de Evidencia, la evidencia del carácter de una persona o de un rasgo de su carácter, no es admisible cuando se ofrece para probar que en una ocasión específica la persona actuó de conformidad con tal carácter. 32 LPRA Ap. VI, R. 404(a).

En cuanto al segundo señalamiento de error, el peticionario arguye que el Tribunal de Primera Instancia incidió al "denegarle" su solicitud para que se dictara una orden al Departamento de Salud con el fin de que le proveyera el Manual de Normas de Procedimientos del Laboratorio de Salud Pública relacionado a la toma de muestras de sangre para realizar un informe de análisis toxicológico. No le asiste la razón. Veamos.

A tenor con la Regla 95(c) de Procedimiento Criminal, *supra*, corresponde a la defensa incluir con su solicitud de descubrimiento las órdenes necesarias para requerir material y/o información que no obre en poder del Ministerio Público, y faculta al tribunal a ordenar que dicho material sea puesto a disposición del acusado por la entidad que lo posea o custodie. La disposición transcrita clarifica que el esquema estatutario de descubrimiento de prueba no se limita a la entrega física de lo solicitado, sino que impone al tribunal el deber de garantizar que el acusado tenga acceso al material y/o información solicitada. De esta forma, cuando el material requerido no obra en poder del Ministerio Público, la Regla faculta al tribunal para ordenar a la entidad o persona que lo posee que lo ponga a disposición del acusado, asegurando así que la defensa pueda examinarlo, evaluarlo y utilizarlo conforme a los fines propios de la etapa preparatoria del proceso penal. En este caso, tal exigencia quedó satisfecha desde etapas tempranas del trámite, pues desde la *Contestación a Moción sobre Regla 95 de Procedimiento Criminal*, presentada el 31 de enero de 2025, el Ministerio Público informó al peticionario que el Manual de Normas y Procedimientos del Laboratorio de Salud Pública se encontraba disponible para su examen en el Departamento de Salud. Por consiguiente, no le asiste la razón cuando sostiene que el foro primario le negó acceso a ese documento. El segundo error no se cometió.

**IV**

Por los fundamentos que anteceden, se expide el recurso de *certiorari* solicitado y se modifica la *Resolución* recurrida, a los únicos fines de ordenar la entrega del video del día de la citación y las veintisiete (27) fotografías tomadas el día de la intervención. Se deja sin efecto la paralización de los procedimientos decretada y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los mismos, ello a tenor con lo aquí resuelto.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones